KENNEY et al., Appellants,

v.

HENRY FISCHER BUILDER, INC. et al., Appellees.

[Cite as *Kenney v. Henry Fischer Builder, Inc.* (1998), 129 Ohio App.3d 27.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970658.

Decided July 2, 1998.

*James V. Magee, Jr.,* for appellants.

*Mark E. Elsener,* for appellees Henry Fischer Builder, Inc., Queen City Title Agency, Inc., Victory Mortgage, Ltd., Koopman–Sheckels & Associates, Inc., and Citfed Mortgage Corporation of America, Inc.

MARIANNA BROWN BETTMAN, Judge.

## PROCEDURAL POSTURE

Plaintiffs-appellants Garrett D. and Jennifer B. Kenney appeal from the decision of the trial court granting judgment on the pleadings to defendant-appellee Queen City Title Agency, Inc. ("Queen City Title").[1]

## FACTS

The facts in this case are straightforward and commonplace. The Kenneys bought a lot on which to build a house. They applied for a mortgage loan with Victory Mortgage, Ltd. ("Lender"). As a condition of receiving the loan, the Lender required the Kenneys to pay for the services of Queen City Title, a title insurance company, which was to conduct a title examination, issue a title insurance policy, and serve as closing agent for the real estate transaction.

---

1. We have *sua sponte* removed this case from the accelerated calendar.

In their complaint, the Kenneys alleged that Queen City Title failed to discover a mistake in the chain of title and a mistake in the legal description of the property they were buying. These errors were reflected in the deed. The Kenneys argued that they did not receive good title to the property at the closing. The Kenneys sought recovery from Queen City Title, among others, for their resulting damages.[2]

Queen City Title successfully moved for judgment on the pleadings, arguing, in essence, that under Ohio law, without privity of contract, the Kenneys had no cognizable claim against it, and that it was entitled to dismissal.[3]

## ASSIGNMENTS OF ERROR

The gravamen of this appeal is in the Kenneys' first assignment of error, in which they argue that the trial court erred in granting judgment on the pleadings to Queen City Title. The Kenneys do not deny that the contract for title services in this case was between Queen City Title and the Lender, or that the services performed by Queen City Title were for the benefit of the Lender, not themselves. They ask this court today to abandon the rule of privity of contract in this area of law, and to adopt, instead, 3 Restatement of the Law 2d, Torts (1977) 126–127, Section 552, which provides:

"(1) One who * * * supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

"(2) [T]he liability stated in Subsection (1) is limited to loss suffered

"(a) by persons or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

"(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction."

In short, where the purchaser of real property relies on a title examination performed for, and a title insurance policy issued to, its lender, the Kenneys are asking this court to abandon the theory of contractual privity in favor of a

---

2. The entry expressly contains a Civ.R. 54(B) certification, making this a final appealable order as to Queen City Title. Other defendants and other claims remain to be determined.

3. At one point, the Kenneys asserted, then abandoned, a Consumer Sales Practices Act claim against Queen City Title.

theory of negligent misrepresentation.[4]  They rely primarily on the case of *Haddon View Invest. Co. v. Coopers & Lybrand,*[5] in which, in the context of an accountant malpractice case, the Supreme Court did abandon the strict privity requirement.  The court held that "an accountant may be held liable by a third party for professional negligence when the third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen."  *Id.* at syllabus.  The court relied, in part, on Section 552 of the Second Restatement of Torts in concluding that a group of investors could sue an accounting firm for negligence in audits performed for businesses in which they were limited partners.  The court did not, however, specifically adopt the Restatement in all contexts, nor is this part of the case syllabus.

Queen City Title, on the other hand, relies expressly on the first paragraph of the syllabus of the 1910 case of *Thomas v. Guarantee Title & Trust*[6]:

"An action against an abstracter to recover damages for negligence in making or certifying an abstract of title does not sound in tort, but must be founded on contract;  and the general rule is that an abstracter can be held liable for such negligence only to the person who employed him."

Queen City Title also relies on *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.,*[7] decided after *Haddon View,* in which, by a vote of four to three, the Supreme Court declined, in the absence of privity of contract, to allow recovery by a floor contractor against design professionals involved in drafting plans and specifications for negligence in the floor design.

Of the two Ohio Supreme Court cases cited since *Thomas, Haddon View,* and *Floor Craft,* we find the reasoning of *Haddon View* more applicable to the case before us.  In *Floor Craft,* the Supreme Court held that there was not a sufficient nexus between the contractor and a design architect to eliminate the privity requirement.  In *Haddon View,* however, the nexus was much closer and was clearly foreseeable: a limited group of investors relying on a financial statement about the very businesses in which they had invested.  Accord *Perpetual Fed. S. & L. Assn. v. Porter & Peck, Inc.*[8] (appraiser may be held liable to savings and loan for professional negligence in absence of ·contractual privity where savings

---

4.   Queen City Title asserts, but the record does not demonstrate, that the Kenneys were offered an owners title insurance policy, but declined it.

5.   (1982), 70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212.

6.   (1910), 81 Ohio St. 432, 91 N.E. 183.

7.   (1990), 54 Ohio St.3d 1, 560 N.E.2d 206, syllabus.

8.   (1992), 80 Ohio App.3d 569, 609 N.E.2d 1324.

and loan was member of limited class whose reliance on representations was clearly foreseeable, citing Restatement); *Merrill v. William E. Ward Ins.*[9] (insurance agent may be held liable to beneficiaries of policy in absence of contractual privity where beneficiaries were members of limited class whose reliance on information was clearly foreseeable, citing Restatement).

As in *Haddon View*, it is both reasonable and foreseeable that the average home or lot buyer will assume that a favorable title examination and title guarantee policy will protect him or her, and will rely on the representations in the title report. The average buyer cannot help but assume that the buyer and the lender are in the same boat as far as their interest in a clear title is concerned. This is especially understandable where, as here, the Kenneys were *required* by the Lender to pay $787.50 for the title examination, the title insurance commitment, and the closing services performed by Queen City Title, a circumstance not specifically addressed in *Thomas*. Because this is so, in this circumstance, we believe that the buyers should be owed the same duty and should be entitled to the same remedy as the Lender.

## DISPOSITION

In disposing of the first assignment of error in this appeal, we find ourselves in the interesting position of agreeing with both sides. We believe, consistent with the view that the common law changes as the needs of society change, that when a title abstracter negligently performs its title examination and issues a title guarantee policy, a claim for negligent misrepresentation should lie, irrespective of contractual privity, in favor of the limited class of individuals whose reliance on the information is specifically foreseeable. In this case, the Kenneys would have such a claim if this were the law. In this regard, it is relevant to note that, as far back as 1974, the Supreme Court of Michigan[10] held that a buyer of property who relied on a faulty abstract to his detriment could recover from the abstracter, even without privity of contract, on a theory of negligent misrepresentation, so long as it was foreseeable that the buyer would rely on the abstract. In so doing, the court reviewed the status of the law in other states at that time, finding that, of the thirty-five jurisdictions that had then addressed the matter, only seven retained the strict rule of privity in this context.[11] Ohio was one of the seven listed as adhering to the strict privity

---

9.   (1993), 87 Ohio App.3d 583, 622 N.E.2d 743.

10.   *Williams v. Polgar* (1974), 391 Mich. 6, 215 N.W.2d 149.

11.   It appears that since this survey was done in *Polgar*, Florida has moved away from the strict privity requirement in this area of law. See *First Am. Title Ins. Co. v. First Title Serv. Co.* (Fla. 1984), 457 So.2d 467.

requirement. We do not necessarily agree with the view of the Michigan Supreme Court that an abstracter should be liable to *any* person who foreseeably relies on a negligently prepared abstract to his detriment. We think the better view is to limit this liability to known third-party users. We believe that this more limited elimination of the privity requirement is more consistent with the Restatement and with our Supreme Court's analysis in *Haddon View*.

However, while we believe that a change should be made in this area of the law, we are, indeed, mindful that we are an intermediate court of appeals, and we are therefore bound by Supreme Court precedent. *Nolan v. Nolan*.[12] We do not accept the Kenneys' argument that *Thomas* has been overruled *sub silentio*, nor can we fail to follow the syllabus in *Thomas*. Thus, while we invite our Supreme Court to revisit this area of the law and urge the adoption of 3 Restatement of the Law 2d, Torts, Section 552, in this context, we hold that, in the absence of privity of contract, the Kenneys have failed to state a claim on which relief can be granted and that the trial court did not err in granting judgment on the pleadings in favor of Queen City Title. The first assignment of error is overruled.

The Kenneys' second assignment of error, which argues that the trial court abused its discretion in failing to allow them to amend their complaint to assert a cognizable claim against Queen City Title, is also overruled. Given our analysis of the existing state of the law, we hold that amendment of the pleadings is foreclosed in this circumstance.

The judgment of the trial court is, accordingly, affirmed.

*Judgment affirmed.*

SUNDERMANN, P.J., and DOAN, J., concur.

---

12.  (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410.