OPINION
Plaintiffs-appellants Judd and Laura Shearer appeal the August 11, 1999, Judgment Entry and the May 10, 2000, Judgment Entry of the Ashland County Court of Common Pleas. Defendants-appellees are Elizabeth Echelberger, in her individual capacity and her capacity as the Executrix of the Estate of Glenn W. Smetzer, Sr., Darrell Echelberger, First American Title Insurance Company and Midland Title Security, Inc.
 STATEMENT OF THE FACTS AND CASE
On June 15, 1999, plaintiffs-appellants Judd and Laura Shearer [hereinafter appellants] filed a Complaint against defendant-appellees Elizabeth Echelberger, as an individual and as Executrix of the Estate of Glenn W. Smetzer, Sr., Darrell Echelberger, First American Title Insurance Company and Midland Title Security, Inc. [hereinafter Midland/First American] in the Ashland County Court of Common Pleas. Appellants alleged that the Echelbergers had (1) committed fraud when describing a piece of property held by the Estate of Glenn W. Smetzer, Sr.; (2) breached a contract to convey 39.2578 acres free and clear of all liens and encumbrances; and (3) negligently misrepresented the actual acreage and boundaries of the property. Further, appellants alleged that Midland/First American breached a contract to provide a title commitment and lenders title policy to secure the purchase Cof the property and/or committed "gross negligence or at least negligence" when Midland/First American failed to disclose a 10 acre Interstate 71 right of way across the property. On July 6, 1999, appellees Elizabeth Echelberger, individually and as Executrix of the Estate, and Darrell Echelberger motioned the trial court to dismiss the Complaint against them. The Echelbergers alleged that appellants' Complaint should be dismissed for failure to state a claim upon which relief may be granted, was barred by the applicable statute of limitations and, further, that the dismissal was appropriate pursuant to Civ.R. 21 on the grounds that appellees had been improperly joined as parties to the action. The Echelbergers attached a copy of a proof of contingent claim and the Executrix's rejection/denial of that claim both of which had been filed in the Probate Court of Ashland County. On August 11, 1999, the Ashland County Court of Common Pleas issued a Judgment Entry which granted the Echelbergers' Motion to Dismiss. The trial court considered the Echelbergers' motion as a Civ.R. 12(B)(6) motion, failure to state a claim upon which relief can be granted. The trial court stated that it had considered the copies of the documents attached to appellees' memoranda in support of the Motion to Dismiss, as they were matters of record in the County Probate Court. The trial court went on to find that appellants had not brought this action within the specific time limits which applied to this matter, and, therefore, granted appellees' Motion to Dismiss. The case proceeded in regard to defendants-appellees Midland/First American. However, on March 6, 2000, Midland/First American filed a joint motion for summary judgment. On May 10, 2000, the trial court granted summary judgment in favor of Midland/ First American. Since the other defendants-appellees, the Echelbergers, had been dismissed previously, the action was dismissed upon the grant of summary judgment in favor of Midland/First American. It is from the August 11, 1999, and May 10, 2000, Judgment Entries that appellants prosecute this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED WHEN IT DISMISSED DEFENDANTS/APPELLEES ECHELBERGER PURSUANT TO AN INAPPLICABLE STATUTE.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS/APPELLEES FIRST AMERICAN AND MIDLAND'S MOTION FOR SUMMARY JUDGMENT.
 I
In the first assignment of error, appellants argue that the trial court erred when it granted a Civ.R. 12(B)(6) dismissal in favor of appellees Darrell Echelberger and Elizabeth Echelberger, in her individual capacity and as executrix of the Estate of Glenn W. Smetzer, Sr. Civil Rule 12(B)(6) states: Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted. . . . When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
The appellees argued that the claims against them were barred by the applicable statute of limitations. To support their argument, appellees attached copies of documents that had been filed in the Ashland County Probate Court in regard to appellant's claim. The trial court, while explicitly stating that it was treating this matter under Civ.R. 12(B)(6), acknowledged that it had considered the documents submitted by appellees, as they were matters of record in the Probate Court. In considering a Civ.R. 12(B)(6) motion for failure to state a claim, a trial court cannot rely upon evidence or materials outside of the complaint. The State ex rel. Fuqua v. Alexander (1997), 79 Ohio St.3d 206, 207,680 N.E.2d 985. It is possible for a trial court, under the conditions and restrictions imposed by Civ.R. 12, to convert a motion to dismiss into a motion for summary judgment, thereby permitting review of matters outside of the complaint. However, in the case sub judice, the trial court did not convert this matter to a motion for summary judgment and expressly stated that this matter was being considered as a motion pursuant to Civ.R. 12(B)(6). It is apparent from the Judgment Entry of the trial court that it considered matters outside of the Complaint. In order to consider matters outside of the Complaint, the trial court should have converted this matter to a motion for summary judgment. In that the trial court did not do so, the trial court erred in granting appellees' motion to dismiss on the basis of Civ.R. 12(B)(6) and documentation outside of the Complaint. Appellants' first assignment of error is sustained.
 II
In the second assignment of error, appellants argue that the trial court erred when it granted summary judgment in favor of appellees Midland/First American. In their Complaint, appellants contended that appellees Midland/First American breached a contract and committed negligence when they failed to disclose to the appellants the existence of the Interstate 71 right of way, which covers approximately 10 acres of the 39.2578 acres appellants purchased from the Estate of Glenn W. Smetzer, Sr. Midland/First American contend that the appellants' claims must fail, as a matter of law. We agree with Midland/First American. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, 674 N.E.2d 1164 (citing Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264). A. Breach of Contract/Privity of Contract Generally, there must be privity of contract between parties in order to recover damages under a contract or negligence theory. Thomas v. The Guarantee Title Trust Company (1910), 81 Ohio St. 432,442. Privity of contract is required before a homeowner may successfully bring a claim against a title abstractor. Kenney v. Henry Fischer Builder, Inc. (1998), 129 Ohio App.3d 27, 29-30,716 N.E.2d 1189. The mere fact that the homeowner was required to pay for the title examination and title insurance commitment is insufficient to establish privity of contract between the homeowner and the title insurance company. Id. Appellants allege that Midland/First American breached their "contract" with appellants by failing to disclose an encumbrance on the property purchased by appellants. The only contract appellant and Midland/First American entered into required that Midland/First American (1) act as the escrow agent; and (2) provide a title commitment and lenders title insurance policy to the lender. The lender was Huntington Mortgage Co. [hereinafter Huntington]. While there is no dispute that appellants were obligated to pay for the title commitment and title insurance policy, the lenders title insurance policy appellants seek to enforce was a contract between Huntington, the lender, and Midland/First American, as the insurer. Appellants were not a party to that agreement between Huntington and Midland/First American and, therefore, appellants and Midland/First American were not in privity of contract. Construing the evidence most strongly in favor of appellants, summary judgment was appropriate. Because appellants and Midland/First American were not in privity of contract in regard to the title insurance policy, appellants could not bring a claim against Midland/First American for breach of the lenders title insurance policy. B. Third Party Beneficiaries In the alternative, appellants argue that, even if they were not direct parties to the title commitment or title insurance policy, they were third party beneficiaries. We disagree. An "action for breach of contract by a third party can be brought only where the parties to a contract intended to benefit the third party." Hunter Building Renovation v. Miller (Feb. 15, 1996), Cuy. App. No. 67131, unreported, 1996 WL 65811. As discussed in subsection C below, the facts do not bear out that the parties to the title commitment and title insurance policy, Midland Title Security, Inc. and First American Title Insurance Company, intended to benefit appellants. Therefore, appellants were not third party beneficiaries. C. Negligence/Negligent Misrepresentation As to the claim of negligence made against Midland/First American, we find that summary judgment was appropriate. A claim of negligence against a title abstractor must be founded upon a contract. Thomas, supra. An individual who is not a party to a title insurance contract cannot maintain an action for negligence against the title company. Thomas v. Guarantee Title Trust (1910), 81 Ohio St. 432; Kenney v. Henry Fischer Builder, Inc. (1998), 129 Ohio App.3d 27,716 N.E.2d 1189; McMahon v. Adkins (1995), Lawrence App. No. 94CA31, unreported, 1995 WL 461385. In accordance with our holding that the appellants were not a party to the commitment and lender's policy, they cannot maintain an action based upon negligence against Midland/First American. Appellants ask this court to extend the Ohio Supreme Court decision of Haddon View Invest. Co. v. Coopers Lybrand (1982), 70 Ohio St.2d 154,436 N.E.2d 212, [hereinafter Haddon View] to the case sub judice, thereby allowing appellants to bring a claim based in negligence, even if they were not in strict privity of contract. In Haddon View, the issue was whether the defendant, an accountant retained by a limited partnership, could be held responsible to an identifiable group of limited partners in that partnership for negligence in execution of professional services. The Court held that "[a]n accountant may be held liable by a third party for professional negligence when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen." Id. at syllabus. Appellants contend that it was foreseeable that they, as the home purchaser, would rely upon Midland/First American's representations regarding the property. We note that Ohio courts have not extended the doctrine of Haddon View to cases involving title commitments and lenders title insurance policies. See Thomas v. The Guarantee Title 
Trust (1910), 81 Ohio St. 432, 442; Kenney v. Henry Fischer Builder, Inc. (1998), 129 Ohio App.3d 27; McMahon v. Adkins (July 31, 1995), Lawrence App. No. 94 CA 31, unreported, 1995 WL 461385; Simmons v. Reiner (Dec. 3, 1999), Delaware App. No. 99 CA 8, unreported. However, even if we were to extend the law of Haddon View to the case sub judice, appellants claims would fail. Appellants signed an acknowledgment, on August 29, 1997, which clearly notified appellants that the title insurance they were purchasing gave "title protection only to the lender." The acknowledgment further informed appellants that, at their option, they could purchase an "Owner's Title Policy for an additional $472.50 which [would] extend the title protection to [appellants] for the sales price." Attached to the acknowledgment was a location identification print. The acknowledgment clearly stated that the location identification print was "Not an Actual Survey. If coverage of survey matters is desired by us, we will obtain an actual survey." (Emphasis original) Further, Schedule A, to the Deed of Fiduciary, indicates that the name of the insured was "The Huntington Mortgage Company." Lastly, while not signed by appellants, Schedule A to the Commitment for Title Insurance confirms that the proposed insured was Huntington Mortgage Co. In summary, appellants were made aware that they were not insured and were presented the option to purchase an additional owner's policy. Appellants declined to do so. Appellants were made well aware that they were not to rely upon the representations made by Midland/First American and that the lenders title insurance policy did not extend coverage to them. Under such circumstances, it was not specifically foreseeable that appellants would rely upon Midland/ First American representations regarding the property. Therefore, even under Haddon View, appellants could not prevail on a negligence claim against Midland/First American. In conclusion, we find that summary judgment was appropriately granted in favor of Midland/First American in regards to contract and negligence claims. Appellants' second assignment of error is overruled.
The judgment of the Ashland County Court of Common Pleas is affirmed in part and reversed and remanded, in part.
 _________________________ Edwards, J.
Hoffman, P.J. and Farmer, concurs