OPINION
Plaintiffs-appellants Gerald and Wanda Valentine appeal from the February 1, 2001, Judgment Entry of the Fairfield County Court of Common Pleas. Defendants-appellees are Willard Associates Title Search Services and Stephen Willard.
 STATEMENT OF THE FACTS AND CASE
On February 24, 2000, plaintiffs-appellants Gerald and Wanda Valentine [hereinafter appellants] filed a complaint against defendants-appellees Willard Associates Title Search Services, Stephen V. Willard and John Does[1]. The Complaint was based upon the following alleged facts:
Appellants were the owners/sellers of a piece of property. Appellee Willard Associates Title Search Services [hereinafter Willard 
Associates], owned by Stephen V. Willard [hereinafter Willard] was hired by an attorney representing the purchasers of the property to conduct a title search on the property. After Willard Associates prepared a title search report, the sale was completed and the title was transferred to the purchasers by warranty deed.
After the sale and transfer of the property, appellant became aware of the existence of oil, gas and mineral reservations held by Dallas and Clarabelle Valentine. Appellants made payments totaling $50,000.00 to Dallas and Clarabelle Valentine in exchange for a surrender of their oil, gas and mineral interests.
The existence of the oil, gas and mineral interests was not noted in the title search report prepared by Willard Associates. In the Complaint, appellants alleged that Willard Associates and Willard, (1) were negligent in conducting a title search on appellant's property located in Fairfield County, Ohio, and (2) that defendants-appellees, in the course of their business, supplied a false and inaccurate title search report thereby committing a negligent misrepresentation.
Willard and Willard Associates moved for summary judgment on November 1, 2000. Willard and Willard Associates alleged that appellants' Complaint should be dismissed due to a lack of privity of contract. In a Memorandum Contra, filed December 18, 2000, appellants argued that, although current Ohio law required privity of contract, the court should abandon the requirement and join the States that do not require privity.
The trial court granted summary judgment by Judgment Entry on February 1, 2001. The trial court found that the Ohio Supreme Court had ruled dispositively on the issue in Thomas v. Guarantee Title and Trust Co. (1910), 81 Ohio St. 432. The trial court found that privity was required pursuant to Thomas and that appellants had failed to demonstrate that privity.[2]
It is from this grant of Summary Judgment that appellants prosecute this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT PRIVITY OF CONTRACT IS REQUIRED FOR APPELLANTS TO MAINTAIN A CAUSE OF ACTION AGAINST APPELLEES.
Any other facts relative to our discussion of appellants' assignment of error shall be contained therein. This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form. This appeal shall be considered in accordance with the aforementioned rule.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civil Rule 56(C) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
In the sole assignment of error, appellants asked this court to abandon the well established law of Ohio that an individual who is not party to a title insurance contract cannot maintain an action for negligence against the title company. We find that the law established by the Ohio Supreme Court in Thomas v. Guarantee Title and Trust Co., supra., decided this issue and continues to be controlling law in Ohio. See Thomas v.Guarantee Title and Trust (1910), 81 Ohio St. 432; Kenney v. HenryFischer Builder, Inc. (1998), 129 Ohio App.3d 27; McMahon v. Adkins
(1995), Lawrence App. No. 94CA31, unreported; Shearer v. Echelberger
(Oct. 30, 2000), Ashland App. No. 00-COA-01368, unreported.
In Thomas, Charles D. Cavanaugh employed the defendant Guarantee Title to prepare and delivery an abstract of title and to certify the correctness of the abstract. Guarantee Title did so. The Plaintiff, Thomas, was the purchaser of the property. When the abstract proved incorrect, Thomas sued Guarantee Title. Plaintiff argued that, while he was not in privity with Guarantee Title, custom indicated that all who would rely upon the abstract should be able to sue. In response, the Ohio Supreme Court specifically held in its syllabus as follows:
 An action against an abstracter to recover damages for negligence in making or certifying an abstract of title does not sound in tort, but must be founded on contract; and the general rule is that an abstracter can be held liable for such negligence only to the person who employed him. Id at 434.
This court recently revisited this issue in Shearer v. Echelberger,supra. In Shearer, this court cited Thomas, supra. and Kenney, supra., for the proposition that "a claim of negligence against a title abstracter must be founded upon a contract. An individual who is not a party to a title insurance contract cannot maintain an action for negligence against the title company." (Citations omitted) In Shearer,
we held that since the parties were not in privity, the plaintiff could not maintain an action based upon negligence against the title company.
We affirm our analysis that Thomas continues to be the controlling law in Ohio on this issue and that the trial court did not err as a matter of law when it required appellants to demonstrate privity of contract in order to maintain a cause of action against appellees. Since appellants made no such showing of privity of contract, summary judgment was appropriate.
Appellants' sole assignment of error is overruled.
The judgment of the Fairfield County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs to appellants.
Edwards, P.J., Hoffman, J. and Boggins, J. concurs.
[1] Appellants are husband and wife.
[2] Appellants made no allegation that they were in privity of contract with Willard or Willard Associates.