[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiffs-appellants, Frederick Crawford and Claudette Crawford, appeal the summary judgment granted in favor of defendants-appellees, ACS Title Closing Services, Farmers Insurance Group of Companies, Neighborhood Spirit Property and Casualty, Central Agencies, the city of Cincinnati, Premiere Service Mortgage Corporation, and Mary Pitts. For the following reasons, we affirm the judgment of the trial court.
{¶ 3} In 1999, the Crawfords entered into a contract for the purchase of two adjacent homes. At the closing, the Crawfords learned that they were required to show proof of insurance on the properties. They ultimately secured coverage through Central Agencies, which arranged for policies to be issued by Farmers Insurance Group and Neighborhood Spirit Property and Casualty.
{¶ 4} At some point after the closing, the Crawfords cancelled the insurance policies on both homes. Following the cancellation, both properties were damaged by fire. One of the homes was so severely damaged that the city of Cincinnati ordered the home to be razed.
{¶ 5} In October 2000, the Crawfords filed suit against appellees ACS, Farmers, Neighborhood Spirit, Central Agencies, and Mary Pitts, the mortgage broker employed by Premiere Service Mortgage Corporation. The Crawfords alleged that the negligence of those appellees had resulted in the cancellation of the insurance policies. The Crawfords also sued the city of Cincinnati, claiming that the city had wrongfully demolished their home and had deprived them of personal property contained in the home. The trial court granted summary judgment in favor of each appellee.
{¶ 6} In a single assignment of error, the Crawfords now argue that the trial court erred in its grant of summary judgment. Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2]
{¶ 7} The Crawfords first argue that there were genuine issues of fact with respect to the liability of the city of Cincinnati. We disagree. A municipal corporation is immune from liability for damages caused by its employees in the provision of fire services.[3] The Crawfords did not demonstrate any exception to immunity, and we find no error in the trial court's grant of summary judgment in favor of the city.
{¶ 8} The Crawfords next argue that they had demonstrated genuine issues of fact with respect to the negligence of Pitts and Premiere Services Mortgage Corporation. They argue that Pitts had failed to inform them that she had obtained insurance for them prior to the closing and that her failure caused them later to believe that they had obtained double coverage for the homes. We fail to grasp the logic of this argument and cannot comprehend why Pitts's alleged silence induced the Crawfords to believe that they had dual coverage on the homes. In any event, the Crawfords have failed to provide any authority for the proposition that Pitts and Premiere Service, as mortgage brokers, had any duty to inform them of the status of their insurance coverage. As Pitts and Premiere note, it was the Crawfords' own cancellation of the policies that resulted in their losses.
{¶ 9} The Crawfords next argue that Central Agencies, Farmers, and Neighborhood Spirit were negligent in their handling of the policies and that their negligence resulted in the Crawfords' cancellation of the policies. Here, the Crawfords argue that the insurers had informed them that the closing agent had sent only one check and that they had thereby been induced to believe that they had dual coverage on the properties. Once again, we fail to see how any act or omission on the part of the insurance companies induced the Crawfords to believe that they had dual coverage. The uncontroverted evidence before the trial court was that the companies had kept the policies in effect until the Crawfords had cancelled them. It was the Crawfords' own decision to cancel the policies, and we find no error in the trial court's conclusion that the insurance companies could not be held liable.
{¶ 10} Although the Crawfords also raise the issue of the liability of ACS, they concede that the trial court properly granted summary judgment in its favor on the authority of Kenney v. Henry FischerBuilders, Inc.[4] Accordingly, the assignment of error is overruled, and the judgment of the trial court is affirmed.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] R.C. 2744.01(C)(2)(a); Denune v. Springfield, 2nd Dist. No. 01CA0097, 2002-Ohio-3287; Commerce Industry Ins. Co. v. Toledo
(1989), 45 Ohio St.3d 96, 543 N.E.2d 1188.
[4] (1998), 129 Ohio App.3d 27, 716 N.E.2d 1189.