OPINION *Page 2 
{¶ 1} Appellants, Reggie D. Huff and Lisa G. Huff, appeal from the November 6, 2007 judgment entry of the Trumbull County Court of Common Pleas, granting the motions for summary judgment of appellees, Countrywide Home Loans, Inc. ("Countrywide"), Mortgage Electronic Registration Systems, Inc. ("Mortgage Systems"), and Fidelity National Title Insurance Company of New York ("Fidelity"); dismissing with prejudice appellants' counterclaims and their prayer for rescission; granting the motion to dismiss of defendant Mahoning Valley Industrial Loan Fund ("Mahoning Fund"); and granting the motion for judgment on the pleadings of defendant Catalina and Ruiloba Revocable Trust ("Trust") and dismissing it as a party.
 {¶ 2} On January 28, 2005, Countrywide and Mortgage Systems filed a complaint in foreclosure based upon a note secured by a mortgage on property located at 566 Butler Road, N.E., Warren, Trumbull County, Ohio, 44483, owned by appellant Reggie Huff, a married man.[1] The complaint requested judgment in the amount of $125,991.57 plus interest at the rate of 7.25 percent per year from September 1, 2004, plus costs, and a judgment in foreclosure on the property. Appellants did not file an answer.
 {¶ 3} On June 30, 2005, Countrywide and Mortgage Systems filed a motion for default judgment. On that same date, the trial court entered a judgment and decree in foreclosure. *Page 3 
 {¶ 4} On January 11, 2006, Countrywide and Mortgage Systems filed a motion to partially vacate judgment as to appellant Reggie Huff, which was granted by the trial court on February 2, 2006.
 {¶ 5} On February 13, 2006, Countrywide and Mortgage Systems filed a motion for default judgment.
 {¶ 6} On February 23, 2006, appellants filed separate motions for leave to file answers as well as memoranda opposing in part the motion for default judgment of Countrywide and Mortgage Systems. On March 16, 2006, Countrywide and Mortgage Systems filed an opposition to appellants' leave to plead and in support of motion for default. On March 21, 2006, Countrywide and Mortgage Systems filed a memorandum in support of motion for default judgment and reply in opposition.
 {¶ 7} On July 24, 2006, Countrywide and Mortgage Systems filed a motion for summary judgment. On September 8, 2006, Countrywide and Mortgage Systems filed an amended motion for default judgment. On September 8, 2006, appellants filed a memorandum in opposition to the motion for summary judgment. On September 18, 2006, Countrywide and Mortgage Systems filed a reply.
 {¶ 8} On December 1, 2006, appellants, without leave, filed an amended answer and third party complaint. On December 29, 2006, Countrywide and Mortgage Systems filed a motion to strike appellants' answer and third party complaint, as well as *Page 4 
a motion for default judgment. On February 12, 2007, appellants filed an amended third party complaint.[2] On March 14, 2007, Countrywide and Mortgage Systems filed a reply.
 {¶ 9} On April 23, 2007, Fidelity filed a motion for summary judgment. Countrywide and Mortgage Systems filed a motion for summary judgment on April 24, 2007. Appellants filed oppositions on July 6, 2007. The Trust filed a motion for judgment on the pleadings on September 27, 2007.
 {¶ 10} Pursuant to its November 6, 2007 judgment entry, the trial court granted the motions for summary judgment of Countrywide, Mortgage Systems, and Fidelity; dismissed with prejudice appellants' counterclaims and their prayer for rescission; granted the motion to dismiss of Mahoning Fund; and granted the motion for judgment on the pleadings of the Trust and dismissed it as a party. The trial court ordered Countrywide and Mortgage Systems to prepare an entry of foreclosure, which was stayed pending appeal. It is from that judgment that appellants filed a timely notice of appeal and assert the following assignments of error for our review:
 {¶ 11} "[1.] The trial court erred to the prejudice of the appellant in its holding that the statute of limitations of 15 USC 1635 applied, resulting in appellants' claim against Countrywide Home Loans, Inc. and Mortgage Electronic Registration Systems, Inc. to be untimely. *Page 5 
 {¶ 12} "[2.] The trial court erred to the prejudice of appellants in its inconsistent holding, rightfully finding a cause of action against the title agent based upon no title policy being contemporaneously issued and/or breach of general warranty deed, and that a cause of action at law could be maintained against the title company but inconsistently finding in error that a remedy of rescission was not permitted against the transaction, including the lender and seller, and that the transaction had not closed.
 {¶ 13} "[3.] The trial court erred in its finding that no genuine issue of material fact existed as to the claim of appellant against appellee on the issue of duty owed by the lender when lender knew or should have known no lender or owner title policies were contemporaneously issued.
 {¶ 14} "[4.] The trial court erred to the prejudice of appellant in its finding that an adequate remedy of law existed at the time the title remained defective and the title policy had not issued and the transaction had not `closed'."
 {¶ 15} Preliminarily, we note that "[t]his court reviews de novo a trial court's order granting summary judgment." Hudspath v. CafaroCo., 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, at ¶ 8, citingHapgood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, at ¶ 13. "`A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law.'" Id.
 {¶ 16} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt [(1996), 75 Ohio St.3d 280, 294,] the Supreme Court of Ohio held *Page 6 
that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Mitseff v. Wheeler (1988), 38 Ohio St.3d 112. * * *"Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 40.
 {¶ 17} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,* * *, * * * is too broad and fails to account for the burden Civ. R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMitseff. (Emphasis added.)" Id. at ¶ 41. (Parallel citations omitted.)
 {¶ 18} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are *Page 7 
no material facts in dispute, the moving party is not entitled a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' Id. at 276. (Emphasis added.)" Id. at ¶ 42.
 {¶ 19} In their first assignment of error, appellants argue that the trial court erred by holding that the statute of limitations of15 USC 1635 applied, resulting in their claim against Countrywide and Mortgage Systems to be untimely.
 {¶ 20} In its November 6, 2007 judgment entry, the trial court stated:
 {¶ 21} "* * * Defendants Huff have elected and sought rescission of the title transfer from November, 2002, from [the Trust] to Reggie Huff. According to the Huffs, the terms of rescission would include that `Defendants to vacate the property after the receipt of $41,400.00 "rescission damages."' The Court finds that Defendants have an adequate remedy at law for their alleged damages in this case, and that the equitable right of rescission is not available to them. The Court further finds that the placing of all of the parties into the `status quo' would be nearly impossible, and that the result to other innocent parties would in fact be inequitable."
 {¶ 22} The trial court went on to state that even if appellants were otherwise entitled to rescission, their claim would still fail based on the three year statute of limitations set forth under 15 USC 1635.
 {¶ 23} 15 USC 1635(f) provides in part: "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first * * *." *Page 8 
 {¶ 24} In the case at bar, appellants rely on two cases from the 1800's, Bryant v. Swetland (1891), 48 Ohio St. 194 and Townsend v.Eichelberger (1894), 51 Ohio St. 213, for the proposition that their right of rescission is extended. However, appellants' reliance on the foregoing cases is misplaced since neither deal with the right to rescission.
 {¶ 25} Also, appellants contend that the transaction never "closed" because a title policy was never issued. However, we note that the transaction between Countrywide, Mortgage Systems and appellant Reggie Huff was completed when money was loaned and disbursed in exchange for the mortgage. In addition, appellants seek to rescind the deed, arguing that appellees breached the warranty deed from the Trust to appellant Reggie Huff. However, Countrywide, Mortgage Systems, and Fidelity are not parties to the deed. As such, they could not breach its covenants. Rescission, an equitable remedy, was properly denied because there is an adequate remedy at law in the form of money damages. See King Gas Co.,Inc. v. Grand Rock Co. (June 1, 1990), 11th Dist. No. 13-045, 1990 Ohio App. LEXIS 2192, at 7; Gagel v. Kingston-Greene Partners, Ltd. (Feb. 8, 1993), 12th Dist. No. CA92-10-201, 1993 Ohio App. LEXIS 683, at 3.
 {¶ 26} Appellants' first assignment of error is without merit.
 {¶ 27} In their second assignment of error, appellants seem to argue that the trial court was inconsistent by denying the remedy of rescission but allowing possible claims against Commonwealth.
 {¶ 28} Pursuant to App. R. 16(A)(7), an appellant is required to include in his appellate brief "[a]n argument containing the contentions of the appellant with respect to *Page 9 
each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
 {¶ 29} In Hawkins v. Anchors, 11th Dist. Nos. 2002-P-0098, 2002-P-0101, and 2002-P-0102, 2004-Ohio-3341, at ¶ 60, quotingVillage of S. Russell v. Upchurch, 11th Dist. Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, at ¶ 10, this court stated:
 {¶ 30} "`[a]n appellant "bears the burden of affirmatively demonstrating error on appeal." Concord Twp. Trustees v. HazelwoodBuilders (Mar. 23, 2001), 11th Dist. No. 2000-L-040, 2001 Ohio App. LEXIS 1383. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. SeeKremer v. Cox (1996), 114 Ohio App.3d 41, 60 * * *. (* * *) Furthermore, if an argument exists that can support appellant's assignments of error, "it is not this court's duty to root it out." Harris v. Nome, 9th Dist. No. 21071, 2002-Ohio-6994, (* * *).' (Parallel citations omitted.)" See, also, Cominsky v. Malner, 11th Dist. No. 2005-L-108, 2006-Ohio-6205, at ¶ 36-39; Bischof v. Mentor Exempted Village School Dist., 11th Dist. No. 2007-L-056, 2007-Ohio-6155, at ¶ 24-25; and Parkman Properties, Inc. v.Tanneyhill, 11th Dist. No. 2007-T-0098, 2008-Ohio-1502, at ¶ 43-44.
 {¶ 31} In the case sub judice, appellants have failed to support their assertions, and did not set forth a single, legal authority to support their contention that the trial court was inconsistent by denying the remedy of rescission but allowing possible claims against Commonwealth. Thus, they clearly did not follow the requirements of App. R. 16(A)(7).
 {¶ 32} Appellants' second assignment of error is overruled. *Page 10 
 {¶ 33} In their third assignment of error, appellants allege that the trial court erred by finding that no genuine issue of material fact existed with regard to their claim against Countrywide and Mortgage Systems that they knew or should have known that no lender or owner title policies were contemporaneously issued.
 {¶ 34} This court stated in Stonecreek Properties Ltd. v. Ravenna Sav.Bank, 11th Dist. No. 2002-P-0129, 2004-Ohio-3679, at ¶ 78-79:
 {¶ 35} "A fiduciary relationship exists when special confidence and trust is placed in another and, by virtue of this trust, there results a position of superiority and influence. [Ed] Schory [ Sons, Inc. v.Francis, (1996), 75 Ohio St.3d 433,] at 442, citing In re Termination ofEmp. (1974), 40 Ohio St.2d 107, 115 * * *. A fiduciary relationship cannot, however, be premised upon a unilateral belief, and one party reposing special trust in another party cannot create a fiduciary relationship unless both parties understand the fiduciary relationship exists. Lee v. Cuyahoga Cty. Court of Common Pleas (1991),76 Ohio App.3d 620 * * *. See, also, Schory at 442.
 {¶ 36} "The relationship of debtor and creditor without more is not a fiduciary relationship,' as a bank and its customer ordinarily stand at arm's length. (Citations omitted.) Schory at 442." (Parallel citations omitted.) See, also, Second Natl. Bank v. Stychno (Feb. 10, 1995), 11th Dist. No. 94-T-5097, 1995 Ohio App. LEXIS 503, at 11.
 {¶ 37} In the instant matter, the relationship between appellees and appellants is defined and controlled by the contract (i.e. the mortgage). Nothing in the mortgage creates a fiduciary relationship between the parties. Appellees owed appellants no duty above that which is stated in the mortgage relating to the deed transfer. We do not agree with appellants that a lender must double check a title agency's work. *Page 11 
 {¶ 38} In addition, the trial court properly determined that any duty owed by Fidelity to appellants arose by virtue of contract and the only claim against Fidelity sounds in tort. However, title insurance companies are not held liable in tort for claims by an insured regarding title searches, escrow, or closing matters. See, generally, ChicagoTitle Ins. Co. v. Huntington Natl. Bank (1999), 87 Ohio St.3d 270. Here, Fidelity's policy contained a merger clause, which limited liability regarding any claim of loss or damage, whether or not based on negligence, to the policy. As such, the trial court properly found in favor of Fidelity since Fidelity's policy language specifically precludes independent tort actions. Also, appellants sought to recover for an alleged diminution in value and economic damages. However, the economic-loss rule precludes recovery in tort for purely economic losses. See Floor Craft Floor Covering, Inc. v. Parma Community Gen.Hosp. Assn. (1990), 54 Ohio St.3d 1, 3.
 {¶ 39} Further, appellants rely on the following Ohio cases for the proposition that mortgage holders and/or title agents owe a heightened duty to the mortgagor: ABN AMRO Mtge. Group, Inc. v. Arnold, 2d Dist. No. 20530, 2005-Ohio-925; Sky Bank-Ohio Bank Region v. Sabbagh,161 Ohio App.3d 133, 2005-Ohio-2517; Childs v. Charske, 129 Ohio Misc.2d 50,2004-Ohio-7331; Culbertson v. Wigley Title Agency, Inc., 9th Dist. No. 20659, 2002-Ohio-714; and Kenney v. Henry Fischer Builder, Inc. (1998),129 Ohio App.3d 27.
 {¶ 40} ABN deals with the Consumer Sales Practices Act, which is not at issue in the instant case. Sky Bank dealt with possible duties owed by the title agent to the lender, not the borrower. Childs focuses on title agencies/closing agents, not lenders or title insurance companies.Culbertson and Kenney both deal with the possible duty *Page 12 
owed by the title agency that closed the transaction to the lender, not the borrower. Thus, appellants' reliance on the foregoing cases is misplaced.
 {¶ 41} Appellants' third assignment of error is without merit.
 {¶ 42} In their fourth assignment of error, appellants contend that the trial court erred by finding that an adequate remedy of law existed at the time the title remained defective, the title policy had not issued, and the transaction had not closed. They allege that they should have been informed of the failure of the proper deed vesting. Appellants also maintain that the trial court erred by determining that they had an adequate remedy at law and denied them the equitable remedy of rescission.
 {¶ 43} As previously addressed in appellants' first assignment of error, rescission, an equitable remedy, was properly denied because there is an adequate remedy at law in the form of money damages. SeeKing Gas, supra, at 7; Gagel, supra, at 3.
 {¶ 44} Additionally, we note that although the prior mortgage was of record at the time the deed was recorded, it had no effect on the transfer of title. Again, appellees were not parties to the warranty deed from the Trust to appellant Reggie Huff. Thus, they could not make or break any warranties contained in the deed. Appellees are not liable to appellants due to the mere existence of the unreleased mortgage. Even with the unreleased mortgage still of record, the mortgage between Countrywide and Mortgage Systems is still valid.
 {¶ 45} Also, appellants have suffered no actual loss because there are no adverse claims by a third party against their title to the property. See Casto v. Sanders, 11th Dist. No. 2004-P-0060, 2005-Ohio-6150, at ¶ 38. *Page 13 
 {¶ 46} Appellants' fourth assignment of error is without merit.
 {¶ 47} The trial court properly granted appellees' motions for summary judgment.
 {¶ 48} For the foregoing reasons, appellants' assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed. It is ordered that appellants are assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
 {¶ 49} It is the further order of this court that our prior stay order is hereby dissolved. The supersedeas bond shall be released to appellees.
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur.
[1] At the time the deed was recorded in November 2002, a lien in favor of Mahoning Fund, although previously satisfied, remained of record. Appellant Reggie Huff made payments under the note for less than two years before defaulting.
[2] In their amended third party complaint, appellants joined the Trust (the seller of the property), Fidelity (the underwriter of Reggie Huff's Owner's Policy of Title Insurance), and Commonwealth Suburban Title Agency, Inc. ("Commonwealth") (the settlement agent that closed the sale of the property). The complaint alleged that the third party defendants breached their duty under the general warranty deed recorded as Instrument No. 200211190044296, conveying the property to appellants, and sought rescission of the deed. The Trust filed an answer and counterclaim on March 13, 2007. On March 14, 2007, Fidelity filed an answer. Commonwealth filed an answer on April 17, 2007. *Page 1