[Cite as *Rassi v. Buckeye Title Agency, Inc.*, 2021-Ohio-2129.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| BASSAM RASSI, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 28985 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-4288 |
| | : | |
| BUCKEYE TITLE AGENCY, INC. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 25th day of June, 2021.

. . . . . . . . . . .

MICHAEL R. ECKHART, Atty. Reg. No. 0031450, 5335 Far Hills Avenue, #109, Dayton, Ohio 45429
     Attorney for Plaintiffs-Appellants

GABRIELLE NEAL, Atty. Reg. No. 0092770, 2700 Stratacache Tower, Dayton, Ohio 45423
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Bassam Rassi and George Rassi appeal from a judgment of the Montgomery County Court of Common Pleas, which concluded that the Rassis had not entered into a contract with Buckeye Title Agency, Inc. (Buckeye). Although the trial court erred in concluding that no contract had been entered, the trial court's summary judgment will nonetheless be affirmed because, as a matter of law, the Rassis did not suffer any damages.

## Facts and Procedural History

{¶ 2} Evelyn Cox owned a home on Penneywood Drive in Beavercreek, Ohio, which was in foreclosure. Based upon the foreclosure status, the Rassis were interested in purchasing the home and contacted the law firm handling the foreclosure action for the involved bank. The law firm referred the Rassis to Buckeye, indicating that Buckeye "had been working on a previous sale but it [fell] through." The Rassis contacted Buckeye, talked to Julie Engberg, and informed her that they wanted to buy the Penneywood Drive property; they asked Buckeye "to do the necessary title work and closing * * *." Engberg indicated that Buckeye would perform the requested services.

{¶ 3} The Rassis and Cox entered into a contract for the purchase of the Penneywood Drive home. The purchase price was the "Amount of Payoff." This was a cash transaction, meaning, of course, that a bank was not involved. The Rassis paid Buckeye $450 for title services, which included a title examination.

{¶ 4} Through the actions of Julie Engberg, Buckeye processed the Penneywood Drive transaction, which included preparing the closing documents and conducting the closing. In an affidavit in support of Buckeye's summary judgment motion, Engberg stated that "the title exam for the [Penneywood Drive] [p]roperty did reveal both the first

mortgage and the HUD mortgage.[1] Both mortgages show the same loan number, so I believed that when I obtained the payoff [from the law firm handling the foreclosure], it was for both liens." The amount of the HUD lien was $17,257.56. But, as stated by Engberg, the payoff amount from the law firm reflected only the first mortgage payoff in the amount of $98,783.76. As a result, the Rassis paid $98,783.76 at the closing, thinking that this was the payoff amount that they were obligated to pay under the purchase contract. HUD subsequently demanded that the Rassis satisfy its $17,257.36 lien. The Rassis filed a complaint against Buckeye, asserting that they should not be responsible for this amount. The trial court granted Buckeye's summary judgment motion. This appeal followed.[2]

## Assignments of Error

{¶ 5} The Rassis assert three assignments of error as follows:

(1) [THE] TRIAL COURT ERRED IN FINDING THERE WAS NO EXPRESS CONTRACT OR IMPLIED-IN-FACT CONTRACT BETWEEN * * * [THE] RASSIS AND * * * BUCKEYE TITLE AGENCY, INC.

(2) [THE] TRIAL COURT ERRED IN [FAILING] TO FIND THAT BUCKEYE WAS LIABLE DUE TO NEGLIGENT MISREPRESENTATION AND NEGLIGENT DISSEMINATION OF INFORMATION UNDER THE CASE

---

[1] Cox's loan was a Federal Housing Authority (FHA) loan. When an FHA loan falls into arrears, the lender can make a claim to the Department of Housing and Urban Development (HUD) as the insurer of the loan. HUD will then make a partial payment to the lender and file a lien for the amount of the partial payment.

[2] Buckeye points out that the Rassis were offered but declined to purchase title insurance, that at closing the Rassis and Cox executed a "Hold Harmless" agreement, and that the Rassis and Buckeye did not enter into an escrow agreement. These facts are not pertinent to our resolution of the Rassis' assignments of error.

OF <u>HADDON VIEW INVESTMENT CO. V. COOPERS LYBRAND</u> (1982) 70 OHIO ST.2D 154.

(3) [THE] TRIAL COURT ERRED IN FAILING TO FIND THAT BUCKEYE * * * HAD A FIDUCIARY DUTY TO THE RASSIS TO INFORM THEM THAT THERE WAS A SECOND MORTGAGE AND THAT IT WAS NOT BEING PAID OFF.

**Standard**

**{¶ 6}** Under Civ.R. 56, summary judgment is proper when: (1) a case presents no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); *Dalzell v. Rudy Mosketti, L.L.C.*, 2d Dist. Clark No. 2015-CA-93, 2016-Ohio-3197, ¶ 5, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Herres v. Millwood Homeowners Assn., Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 21, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶ 7}** Initially, the movant bears the burden of establishing the absence of any genuine issues of material fact. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). The movant may rely only on evidence of the kinds listed in Civ.R. 56(C) for this purpose. *Dalzell* at ¶ 5, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant meets its burden, then the non-moving party bears a

reciprocal burden to establish, as set forth in Civ.R. 56(E), that the case presents one or more genuine issues of fact to be tried. *Id.* at ¶ 6. The non-moving party, in satisfying this requirement, may not rely merely upon the allegations or denials offered in the pleadings, but like the movant, "must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)." *Dresher* at 293, quoting Civ.R. 56(E); *Dalzell* at ¶ 6. On appeal, a trial court's ruling on a motion for summary judgment is reviewed de novo. *Dalzell* at ¶ 6, citing *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42.

**Analysis**

{¶ 8} "The essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent, and legality of object and consideration." *Thies v. Wheelock*, 2017-Ohio-8605, 100 N.E.3d 903, ¶ 16 (2d Dist.). In the pending case, the Rassis requested that Buckeye perform the "necessary title work and closing." Buckeye, through Engberg, agreed to and did perform the requested services, and the Rassis paid Buckeye for the completed services. As such, there was an offer (Rassi's request that Buckeye perform the title work and closing), acceptance (Engberg's indication that Buckeye would perform the requested services), and consideration (the fee which Buckeye charged and the Rassis paid). Moreover, there was no dispute concerning contractual capacity, mutual consent, or the legality of the services requested by the Rassis and performed by Buckeye. Thus, we conclude that the Rassis and Buckeye entered into a contract.

{¶ 9} The trial court's contrary conclusion seems to be based upon the thought that there was no privity of contract between the Rassis and Buckeye. In *Thomas v.*

*Guarantee Title and Trust*, 81 Ohio St. 432, 91 N.E. 183 (1982), the supreme court ruled as follows:

> An action against an abstracter to recover damages for negligence in making or certifying an abstract of title does not sound in tort, but must be founded on contract; and the general rule is that an abstracter can be held liable for such negligence only to the person who employed him.

*Id.* at paragraph one of the syllabus. Based upon *Thomas*, Ohio courts have refused to find privity of contract between a purchaser and a title company when the title examination is performed as part of a contract between the lender and the title company. *Kenney v. Henry Fischer Builder, Inc.*, 129 Ohio App.3d 27, 716 N.E.2d 1189 (1st Dist.1998); *Shearer v. Echelberger*, 5th Dist. Ashtabula No. 00-COA-1368, 2000 WL 1663626. But in the pending case, the Rassis contracted directly with Buckeye to perform the title examination and the closing. Since the Rassis employed Buckeye themselves, there was privity of contract between the two.

{¶ 10} Having found that the Rassis and Buckeye entered into a contract, we also find, as a matter of law, that Buckeye's mistake regarding the HUD lien did not cause the Rassis to suffer any damages. "The elements of a breach of contract claim are 'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.' " *Hillier v. Fifth Third Bank*, 2020-Ohio-3679, 154 N.E.3d 1266, ¶ 24 (2d Dist.), quoting *Becker v. Direct Energy, LP*, 2018-Ohio-4134, 112 N.E.3d 978, ¶ 38 (2d Dist.), quoting *Doner v. Snapp*, 98 Ohio App.3d, 597, 600, 649 N.E.2d 42 (2d Dist.1994). The purchase contract between the Rassis and Cox set the purchase price for the Penneywood Drive home as the "Amount of Payoff." Therefore, the Rassis

were contractually obligated to pay off whatever amount was due upon the home, which included the HUD lien.   Buckeye's failure to include the HUD lien on the closing settlement statement simply did not alter the Rassis' contractual payoff obligation. Moreover, the Rassis did not articulate to the trial court or to this court how they had been damaged by Buckeye's mistake.   Given these facts, we conclude, as a matter of law, that the Rassis did not suffer any damages as a result of Buckeye's mistake.   On this basis, the trial court correctly granted summary judgment to Buckeye.[3]

## Conclusion

{¶ 11} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Michael R. Eckhart
Gabrielle R. Neal
Hon. Mary Lynn Wiseman

---

[3] Given the conclusion that the Rassis did not suffer any damages, there is no reason for us to consider the two remaining assignments of error.