THE STATE, EX REL. NATIONAL EMPLOYEE BENEFIT SERVICES, INC.,
APPELLANT, *v.* COURT OF COMMON PLEAS OF CUYAHOGA COUNTY ET AL.,
APPELLEES.

[Cite as State, ex rel. Natl. Emp. Benefit Serv., Inc., *v.* Cuyahoga Cty. Court
of Common Pleas (1990), 49 Ohio St. 3d 49.]

(No. 88-2078—Submitted November 7, 1989—Decided February 21, 1990.)

*Lester S. Potash,* for appellant.

*John T. Corrigan,* prosecuting at-
torney, and *Colleen C. Cooney,* for ap-
pellees court of common pleas et al.

*Margaret Anne Cannon,* director
of law, and *L. James Juliano, Jr.,* for
appellee Judge Donaldson.

*Per Curiam.* We are asked to
decide in this case whether the Shaker

Heights Municipal Court had any jurisdiction to transfer the entire *Adler* matter to the Court of Common Pleas of Cuyahoga County in light of the filing of the supplemental complaint.

Clearly, the municipal court had no jurisdiction under R.C. 1901.17 to decide the merits of the *Adler* case once the supplemental complaint was filed. Appellant argues that the court was also without jurisdiction to transfer both the *Adler* case and the counterclaim pursuant to the certification procedures mentioned in Civ. R. 13(J). Appellant claims that the rule allows a municipal court to transfer a case by certifying it only when a counterclaim, cross-claim, or third-party complaint exceeds the court's jurisdiction. We agree.

Civ. R. 13(J) does not expressly permit certification on the basis of a complaint or supplemental complaint. Moreover, to read such permission into the rule would cause Civ. R. 13(J) to conflict with Civ. R. 12(H)(3). Civ. R. 12(H)(3) provides that a court *shall* dismiss an action if the court lacks subject matter jurisdiction.

In *Lin* v. *Reid* (1983), 11 Ohio App. 3d 232, 11 OBR 356, 464 N.E. 2d 189, the Court of Appeals for Franklin County observed that a municipal court could not rely on Civ. R. 13(J) to certify a complaint based on libel or slander since municipal courts have no subject matter jurisdiction over these actions. According to that court, such a complaint could only be dismissed.

While the *Lin* court might have distinguished this case as involving monetary, as opposed to subject matter, jurisdiction, we do not believe a distinction is warranted. Rather, because the monetary restrictions in R.C. 1901.17 limit the municipal court's subject matter jurisdiction, *Behrle* v. *Beam* (1983), 6 Ohio St. 3d 41, 6 OBR 61, 451 N.E. 2d 237, we hold that dismissal is also required when an initial pleading seeks relief beyond this statutory authority.

In light of this holding, we decline appellees' invitation to follow *Williams* v. *Glen Manor Home for the Jewish Aged, Inc., supra.* There, the Court of Appeals for Hamilton County held that a municipal court should certify an amended complaint alleging damages in excess of $10,000. The *Williams* court did not discuss Civ. R. 12(H)(3), and, based on the foregoing, we consider its result inconsistent with the rule.

Accordingly, we hold that the Shaker Heights Municipal Court had no jurisdiction to transfer the *Adler* case and appellant's counterclaim to the Court of Common Pleas of Cuyahoga County and, correspondingly, that the common pleas court had no basis upon which to assume jurisdiction.[1] Therefore, we reverse the judgment of the court of appeals and issue writs of prohibition, procedendo and mandamus, and we order that the common pleas court be prohibited from hearing and determining the entire *Adler* matter and that it return the en-

---

[1] We recognize that reversing a dismissal for a complaint's failure to state a claim ordinarily requires us to remand for further proceedings, which usually include a merit review. In cases involving extraordinary relief, however, we are permitted to rule as if the matter had been originally filed here. See, *e.g., State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph ten of the syllabus. Since the parties agree on the facts underlying this case, we have decided to exercise this authority and reach the merits now.

tire *Adler* matter to the municipal court; and further, that the municipal court dismiss the complaint, answer and counterclaim in the *Adler* case without prejudice, pursuant to Civ. R. 12(H)(3).

*Judgment reversed and writs allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.