BOLDEN

v.

HODGE et al.█

Hamilton County Municipal Court.

No. 99 CV 03225.

Decided May 3, 1999.

*Robert F. Croskery,* for plaintiff.
*Carl A. Meyers,* for defendants.

ROBERT TAYLOR, Judge.

## FACTS

On or about February 8, 1999, plaintiff filed her complaint against three defendants in the Hamilton County Municipal Court. The complaint set forth

four separate claims: breach of contract, fraudulent misrepresentation, breach of the Consumer Sales Practice Act, and unjust enrichment. Under claim two, plaintiff sought an award for damages "in excess of Twenty Five Thousand Dollars ($25,000.00)."

On or about March 8, 1999, one of the defendants filed an answer, which caused the case to be assigned to a specific judge of the municipal court. Upon review of the pleadings, this court caused to be placed of record, on March 18, 1999, its entry of dismissal without prejudice.

On or about March 26, 1999, plaintiff filed a motion for reconsideration of dismissal without prejudice and motion to amend complaint, along with her proposed plaintiff's first amended complaint. The factual allegations set forth in the first amended complaint are identical to the original complaint, except that under claim two plaintiff seeks an award of damages "in an amount yet to be determined, believed to be in excess of $9,000.00, and within the jurisdiction of this Court." [sic.]

Plaintiff's memorandum in support of her motions provided, inter alia, that the amount, $25,000, set forth in the original complaint was in error.[1]

## LAW

This court's entry of dismissal without prejudice constituted a final, appealable order. The Rules of Civil Procedure only allow for motions for reconsideration of interlocutory orders. Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105; Sams v. Carlson (Nov. 6, 1998), Hamilton App. No. C–971068, unreported, 1998 WL 769728. Therefore, a motion for reconsideration is a nullity. In any event plaintiff also seeks permission to file her first amended complaint.

Only the General Assembly has the authority to create the jurisdictional powers of municipal courts. State ex rel. Ramey v. Davis (1929), 119 Ohio St. 596, 165 N.E. 298. As it pertains to the municipal court's monetary jurisdiction, R.C.1901.17 provides in part:

"A municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars, except that this limit does not apply to the housing division or environmental division of a municipal court.

---

1. Both plaintiff's complaint and her proposed first amended complaint were captioned "Hamilton County Municipal Court" and were, in fact, filed in the municipal court. However, plaintiff claimed jurisdiction as being "under Ohio Revised Code § 2301.01 and § 2305.01."

"Judgment may be rendered in excess of the jurisdictional amount, when the excess consists of interest, damages for the detention of personal property, or costs accrued after the commencement of the action.

"This section does not limit the jurisdiction of a municipal court to appoint trustees to receive and distribute earnings in accordance with section 2329.70 of the Revised Code."

■■■ As a general rule, a municipal court may not decide a case that contains a claim or damages in excess of $15,000.[2] *State ex rel. Safeco Ins. Co. v. Kornowski* (1974), 40 Ohio St.2d 20, 69 O.O.2d 90, 317 N.E.2d 920. The usual case involves a counterclaim which is filed with the municipal court and exceeds the monetary limit of $15,000. Pursuant to Civ.R. 13(J), whenever "a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas."

In *State ex rel. Natl. Emp. Benefit Serv., Inc. v. Cuyahoga Cty. Court of Common Pleas* (1990), 49 Ohio St.3d 49, 550 N.E.2d 941, the Supreme Court decided the issue of how a municipal court should proceed when the initial pleading seeks relief beyond the municipal court's statutory monetary restrictions. In that case, plaintiff's original complaint sought $10,000 in damages. Plaintiff was granted leave to file a supplemental complaint which alleged that the defendant owed the additional sum of $12,933.80.

"Clearly, the municipal court had no jurisdiction under R.C. 1901.17 to decide the merits of the * * * case once the supplemental complaint was filed. Appellant argues that the court was also without jurisdiction to transfer both * * * the case and the counterclaim pursuant to the certification procedures mentioned in Civ.R. 13(J). Appellant claims that the rule allows a municipal court to transfer a case by certifying it only when a counterclaim, cross-claim, or third-party complaint exceeds the court's jurisdiction. We agree.

"Civ.R. 13(J) does not expressly permit certification on the basis of a complaint or supplemental complaint. Moreover, to read such permission into the rule would cause Civ.R. 13(J) to conflict with Civ.R. 12(H)(3). Civ.R. 12(H)(3) provides that a court *shall* dismiss an action if the court lacks subject matter jurisdiction." (Emphasis *sic.*) *Id.* at 50, 550 N.E.2d at 942.

■■■ Based upon the above law, this court dismissed the within plaintiff's complaint without prejudice, because it sought damages in excess of this court's monetary jurisdiction set forth in R.C. 1901.17. Because plaintiff then filed her currently pending motions, this court next considered *Lin v. Reid* (1983), 11 Ohio

---

2. R.C. 1901.17 was amended in 1997 to raise the jurisdictional amount from $10,000 to $15,000. All the cited cases herein were dealing with the former statute.

App.3d 232, 11 OBR 356, 464 N.E.2d 189. In that case the Tenth District Court of Appeals had to deal with a counterclaim filed in the small claims division of the Franklin County Municipal Court. The holding in that case, as set forth in paragraph three and four of the syllabus, is set forth, in part, as follows:

"The small claims division of a municipal or county court is without jurisdiction to hear a counterclaim sounding in libel or slander. (R.C. 1925.02[A][2].)"

"A complaint filed in a court which does not have subject matter jurisdiction over the claim is subject only to a motion to dismiss and not a motion to certify the case to a court of competent jurisdiction."

More specifically, the court in *Lin* concluded that "a complaint or counterclaim based on libel or slander in a court without jurisdiction of the subject matter is properly subject only to a motion to dismiss and not to a motion to certify. If the small claims division is totally without jurisdiction, *it is without authority to take jurisdiction for the purpose of certification. It must simply dismiss for lack of jurisdiction.*" (Emphasis added.) *Id.* at 236, 11 OBR at 361, 464 N.E.2d at 193. In deciding *State ex rel. Natl. Emp. Benefit Serv., Inc., supra,* the Supreme Court cited *Lin v. Reid, supra,* and commented as follows: "According to that court, such a complaint could only be dismissed. While the *Lin* court might have distinguished this case as involving monetary, as opposed to subject matter, jurisdiction, we do not believe a distinction is warranted." *Id.* at 50, 550 N.E.2d at 943.

*Lin v. Reid, supra,* stands for the proposition that if a court lacks subject matter jurisdiction, as set forth in R.C. 1901.18, the court is without authority to take jurisdiction for the purpose of certification. The Supreme Court, in *State ex rel. Natl. Emp. Benefit Serv. Inc., supra,* extended that reasoning to include monetary jurisdiction as set forth in R.C. 1901.17.

■ Since this court was "totally without" monetary jurisdiction based upon plaintiff's original complaint, it dismissed that complaint without prejudice. Since the court is totally without jurisdiction, it does not possess the statutory authority to take jurisdiction for the limited purpose of ruling on and granting plaintiff's motion for reconsideration of dismissal without prejudice and motion to amend complaint. Since the original complaint was dismissed without prejudice, the plaintiff may simply refile her complaint in any court she deems proper.[3]

*Judgment accordingly.*

---

3. Plaintiff's memorandum in support of her motions stated that "[i]n the interest of judicial economy, it makes more sense to Grant this motion, and Reconsider the dismissal of this case, rather that requiring Plaintiff to file an entirely new Complaint in the same Court as would otherwise be required." Although this may be so, no case law could be found to support this position. In any event, if it is refilled in the municipal court, it must be reassigned to the judge originally assigned to hear it. Sup.R. 36(D).