[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} On July 3, 2001, Jade, Inc., ("Jade") filed a lawsuit against Marketing Services by Vectra, Inc. ("Marketing Services"). The lawsuit was filed in the Franklin County Municipal Court despite the fact that Jade claimed damages in excess of the monetary jurisdiction of that court.
{¶ 2} On August 2, 2001, Marketing Services filed a motion to dismiss the lawsuit, asserting the jurisdictional problem and also alleging that the complaint initiating the lawsuit failed to state a claim for which relief could be granted. On September 18, 2001, the trial judge assigned to the case signed an entry granting the motion to dismiss. The entry had been prepared by counsel for Marketing Services and purported to dismiss the lawsuit with prejudice.
{¶ 3} On November 15, 2001, the attorney for Jade filed a motion seeking to vacate the dismissal entry due to the provision seeking to make the dismissal with prejudice.
{¶ 4} The assigned trial judge journalized a decision and entry on January 17, 2002, which acknowledged his mistake in signing an entry containing "with prejudice" wording when the court lacked jurisdiction over the case. The January 17th entry purported to vacate the prior entry and to now order a dismissal without prejudice.
{¶ 5} Counsel for Marketing Services has pursued a direct appeal from the January 17th entry, assigning a single error for our consideration:
{¶ 6} "The court below erred in vacating the dismissal entry and entering a dismissal without prejudice."
{¶ 7} Civ.R. 60(A) reads:
{¶ 8} "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."
{¶ 9} Civ.R. 60(B) reads in pertinent part:
{¶ 10} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."
{¶ 11} The trial judge in the Franklin County Municipal Court, upon reviewing his earlier dismissal entry, journalized the following decision and entry:
{¶ 12} "Plaintiff filed suit against defendant for $23,168.88. Defendant by and through counsel filed a motion to dismiss pursuant to Rule 12(B)(1) of the Ohio Rules of Civil Procedure. Specifically, defendant argues that the case must be dismissed because the amount of the prayer for relief exceeds the monetary jurisdictional limits of this court.
{¶ 13} "On September 18, 2001, this court granted defendant's motion and dismissed plaintiff's complaint because plaintiff failed to answer or otherwise respond to defendant's motion to dismiss. On November 15, 2001[,] plaintiff filed a motion to vacate the dismissal entry which was responded to by defendant on December 26, 2001.
{¶ 14} "It is without question that this court does not have jurisdiction regarding this matter as the same exceeds the jurisdictional limits of this court. R.C. 1901.17. Once the monetary amount sought exceeds the municipal court's limit on subject matter jurisdiction set forth in R.C. 1901.17[,] the court is without jurisdiction to decide the matter or transfer it to a court of common pleas. State ex rel. National Employment Benefits Service Inc. v. Cuyahoga County Court of Common Pleas (1990), 49 Ohio St.3d 49. A dismissal for lack of jurisdiction over the subject matter, pursuant to Ohio Civ.R. 41(A)(4) is a dismissal other than on the merits.
{¶ 15} "Based on the foregoing[,] this court's order dismissing plaintiff's complaint with prejudice is in error. Plaintiff's motion is sustained. It is the order of this court that plaintiff's complaint by [sic] dismissed without prejudice based on R.C. 1901.17 and Civ.R. 41(A)(4).
{¶ 16} "Plaintiff argues that it has filed an amended complaint reducing the claim of relief to an amount that is within the jurisdictional limits of this court. First of all, the court cannot find any such entry in the file. Even if a request to amend the complaint was filed, the court does not believe it could consider the same. See Bolden v. Hodge (1999), 99 Ohio Misc.2d 95.
{¶ 17} "It is therefore the order of this court that its decision dismissing the case with prejudice is vacated. It is the further order of the court that plaintiff's complaint by [sic] dismissed without prejudice."
{¶ 18} This decision and entry is completely appropriate and is an act well within the discretion of the trial judge under the circumstances. Given the sheer volume of cases handled by the Franklin County Municipal Court, trial judges will on occasion sign entries proferred by trial counsel which upon more careful reflection will be seen to be ill-advised. The best course of conduct is for the trial judge to correct the mistake so long as Civ.R. 60 allows the correction. Here, the mistake was promptly brought to the judge's attention and promptly corrected. We find no error in the correcting decision and entry.
{¶ 19} The sole assignment of error is overruled. The modified entry of dismissal is affirmed.
Judgment affirmed.
DESHLER and PETREE, JJ., concur.