JOURNAL ENTRY AND OPINION
{¶ 1} The appellants, Max and Mary Schindler, et al., appeal from the judgment of the Berea Municipal Court, which found in favor of the appellee, Columbia-Brook Park Management, LLC, and ordered the release of rents held in escrow with the lower court.
 {¶ 2} The appellants are all tenants in a manufactured home community known as Columbia Park, located in Olmsted Township, Ohio. The appellee is the operator/landlord of Columbia Park. In July 2001, the appellee notified all of its month-to-month tenants that the rent would be increased as of September 2001, allegedly to reduce the number of rent classifications within the park and to more accurately reflect the comparable rents in the area. Additionally, the appellee offered all of its month-to-month tenants a one-year lease, which reflected the anticipated rental increase.
 {¶ 3} In response to the rent increase, the month-to-month tenants of Columbia Park served on the appellee a Notice to Correct, pursuant to R.C. 3733.12.[1] The Notice to Correct utilized by the appellants was a mass duplicated form which alleged numerous defects and/or deficiencies at Columbia Park. Thereafter, and in accordance with R.C. 3733.12(B)(1), approximately 500 month-to-month tenants filed with the lower court an Application by Tenant to Deposit Rent with the Clerk along with each tenant's monthly rent. In response to the appellants' actions, the appellee filed an Application for Release of Rent, pursuant to R.C. 3733.122(c) and a Complaint for Damages, Costs and Attorneys' Fees.[2]
 {¶ 4} As the matter proceeded and discovery occurred, the appellants dismissed all of their claims under the Notice to Correct with the exception of the allegation that the rent increase was "unconscionable," and the appellee dismissed its claim for damages, attorney's fees, and costs. Thereafter, evidence and testimony were presented to the Berea Court Magistrate by the parties, and at the conclusion of the proceedings, the trial court adopted the decision of the magistrate, which held that the rent deposit statute was the legal tool to challenge the conscionability of the rent increase, the rent increase at Columbia Park in September 2001 was not unconscionable, and ordering the release of the rent being held by the clerk of courts to the appellee.
 {¶ 5} It is from this order that the appellants now appeal citing six assignments of error for this court's review. For the following reasons, we believe the first assignment is dispositive of the instant appeal. The appellants' first assignment of error states:
 {¶ 6} "I. The trial court erred in retaining the consolidated cases through disposition notwithstanding an absence of subject matter jurisdiction."
 {¶ 7} In reviewing the record, the appellee filed an Application for Release of Rent, pursuant to R.C. 3733.122(c), and a Complaint forDamages, Costs and Attorneys' Fees. (Emphasis added.) The complaint for damages, costs and attorneys' fees sought damages in excess of $25,000 from each appellant alleging bad faith by the appellants.
 {¶ 8} Accordingly, pursuant to R.C. 1901.17, a municipal court has jurisdiction only in cases where the amount claimed by any party is not in excess of $15,000. Clearly, the appellee's complaint for damages was in excess of the jurisdictional amount delineated in R.C. 1901.17. Therefore, the court had no jurisdiction to hear this cause and erred in not dismissing it immediately upon the filing of the complaint.
 {¶ 9} In State ex rel. National Employee Benefit Services, Inc.v. Court of Common Pleas Cuyahoga, et al. (1990), 49 Ohio St.3d 49, 50, the Ohio Supreme Court addressed the issue of whether the municipal court has the jurisdiction to decide the merits of the case when a supplemental complaint was filed which increased the prayer amount over the jurisdictional limit set by R.C. 1907.17. The court held "the municipal court had no jurisdiction under R.C. 1907.17 to decide the merits of the case once the supplemental complaint was filed." In addition, the court held a dismissal of the case is the proper course of action when a pleading seeks relief beyond the statutory authority. Id. Additionally, the court found that, pursuant to Civ. R. 13(J), the municipal court did not have to certify the case to another tribunal; the court's only option was to dismiss the case. Id.
 {¶ 10} Therefore, as soon as the complaint for damages, costs and attorneys' fees was filed alleging damages in excess of $25,000, the court lost jurisdiction to hear the case on the merits. The court was under an explicit duty to dismiss the case thereby allowing either party to file its claim in the court of common pleas as an original action. See, also, Sports Systems, Inc. v. Mr. T Painting Co., Inc. (Oct. 3, 1996), Cuyahoga App. No. 69341. The fact that the appellants later dismissed their claim for damages has no bearing on the undisputed fact that the court lost jurisdiction to proceed by virtue of the prayer amount at the point of filing and, as such, should have entered an order dismissing the matter in its entirety.
 {¶ 11} In accordance, the appellants' remaining assignments of error are hereby rendered moot, and the judgment of the trial court is hereby vacated and the matter is dismissed.
 {¶ 12} The judgment is vacated and the matter is dismissed.
ANNE L. KILBANE, P.J., and DIANE KARPINSKI, J., concur.
[1] {¶ a} R.C. 3733.12 Effect of operator's noncompliance with rental agreement or statutes; remedies of resident.
{¶ b} (A) If a park operator fails to fulfill any obligation imposed upon him by section 3733.10 of the Revised Code or by the rental agreement, or the conditions of the premises are such that the resident reasonably believes that a park operator has failed to fulfill any such obligations, or a governmental agency has found that the premises are not in compliance with building, housing, health, or safety codes which apply to any condition of the residential premises that could materially affect the health and safety of an occupant, the resident may give notice in writing to the park operator specifying the acts, omissions, or code violations that constitute noncompliance with such provisions. The notice shall be sent to the person or place where rent is normally paid.
{¶ c} (B) If a park operator receives the notice described in division (A) of this section and after receipt of the notice fails to remedy the condition within a reasonable time, considering the severity of the condition and the time necessary to remedy such condition, or within thirty days, whichever is sooner, and if the resident is current in rent payments due under the rental agreement, the resident may do one of the following:
{¶ d} (1) Deposit all rent that is due and thereafter becomes due the park operator with the clerk of court of the municipal or county court having jurisdiction in the territory in which the residential premises are located;
{¶ e} (2) Apply to the court for an order directing the park operator to remedy the condition. As part thereof, the resident may deposit rent pursuant to division (B)(1) of this section, and may apply for an order reducing the periodic rent due the park operator until such time as the park operator does remedy the condition, and may apply for an order to use the rent deposited to remedy the condition. In any order issued pursuant to this division, the court may require the resident to deposit rent with the clerk of court as provided in division (B)(1) of this section.
[2] R.C. 3733.122(C) If the court finds that there was no violation of any obligation imposed upon the park operator by section 3733.10 of the Revised Code or by the rental agreement, or by any building, housing, health, or safety code, or that the condition contained in the notice given pursuant to division (A) of section 3733.12 of the Revised Code has been remedied, or that the resident did not comply with the notice requirement of division (A) of section 3733.12 of the Revised Code, or that the resident was not current in rent payments at the time the resident initiated rent deposits with the clerk of court under division (B)(1) of section 3733.12 of the Revised Code, the court shall order the release to the park operator of rent on deposit with the clerk, less costs.