[Cite as *Northwood Homeowners v. Franchini*, 2019-Ohio-4632.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MERCER COUNTY

NORTHWOOD HOMEOWNERS,

    PLAINTIFF-APPELLANT,               CASE NO. 10-19-09

    v.

KRIS FRANCHINI ET AL.,              O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Celina Municipal Court
Trial Court No. 18CVH00555

Judgment Affirmed

Date of Decision: November 12, 2019

APPEARANCES:

    *James A. Tesno* for Appellant

    *David M. Kennedy* for Appellees

**PRESTON, J.**

{¶1} This appeal, having been placed on the accelerated calendar, is *sua sponte* being assigned and considered on the regular calendar pursuant to Loc.R. 12(1). Under the authority of Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.

{¶2} Plaintiff-appellant, Northwood Homeowners ("Northwood"), appeals the June 5, 2019 judgment of the Celina Municipal Court granting the motion to dismiss of defendants-appellees, Kris and Barbara Franchini (the "Franchinis"). For the reasons that follow, we affirm.

{¶3} On August 2, 2018, Northwood filed a complaint against the Franchinis in the trial court requesting judgment in the amount of $4,580. (Doc. No. 1). On September 13, 2018, the Franchinis filed their answer to Northwood's complaint as well as a motion requesting that the matter be transferred from the trial court's small claims docket to its regular docket. (Doc. Nos. 9, 10). That same day, the trial court granted the Franchinis' motion and transferred the case to its regular docket. (Doc. No. 11).

{¶4} On October 12, 2018, Northwood moved for leave to file an amended complaint. (Doc. No. 16). On October 16, 2018, the trial court granted Northwood's motion, and Northwood's amended complaint was deemed filed as of October 12, 2018. (Doc. No. 18). In its amended complaint, Northwood requested

$4,860 plus "continuing damages" of $140 per quarter year, increasing to $150 per quarter year beginning in 2019, "for so long as the [Franchinis] own the[ir] real property" in the Northwood housing subdivision. (Doc. No. 17). Northwood alleged that it was entitled to this relief because the Franchinis "have accepted, received and continue to receive" benefits that are "essential to the use of their real property * * * by reason of the roads, road lighting, road signs, and adjacent lands maintained by [Northwood]," for which the Franchinis "have paid nothing" since April 2007. (*Id.*). On November 19, 2018, the Franchinis moved for leave to file their answer to Northwood's amended complaint out of time. (Doc. No. 25). On February 11, 2019, the trial court granted the Franchinis' motion, and their answer to Northwood's amended complaint was deemed filed as of November 19, 2018. (Doc. Nos. 24, 43).

{¶5} On February 13, 2019, the Franchinis filed a motion to dismiss Northwood's amended complaint. (Doc. No. 44). In their motion to dismiss, the Franchinis argued that the trial court lacked subject-matter jurisdiction over Northwood's complaint. (*Id.*). In addition, the Franchinis argued in the alternative that Northwood's amended complaint failed to state a claim upon which relief can be granted. (*Id.*). On March 8, 2019, Northwood filed its response to the Franchinis' motion to dismiss. (Doc. No. 45).

{¶6} On March 14, 2019, the trial court tentatively denied the Franchinis' motion to dismiss. (Doc. No. 46). In its judgment entry, the trial court ordered Northwood to "properly identify all Plaintiffs in this matter, whether individually, as a class, or as a legal entity" within 15 days. (*Id.*). Furthermore, the trial court afforded Northwood 15 days to "clarify the exact amount of damages being sought" because "[t]he amount sought to be recovered [could not] be ascertained as prayed for in the Amended Complaint" and the relief requested by Northwood "could exceed the statutory limit of $15,000.00 set forth in R.C. 1901.17." (*Id.*). The trial court declined either to "speculate future damages [or] assess future quarterly payments." (*Id.*).

{¶7} On March 22, 2019, in accordance with the trial court's order, Northwood explained that it is "an unincorporated nonprofit association" that "exists under the provisions of Chapter 1745 of the Ohio Revised Code." (Doc. No. 48). Northwood did not respond to the court's request for clarification of Northwood's damages.

{¶8} On June 5, 2019, the trial court granted the Franchinis' February 13, 2019 motion to dismiss "[b]ased on additional research from the time of the last Attorney Conference." (Doc. No. 50). However, the trial court did not elaborate on its reasons for granting the Franchinis' motion. (*See id.*).

{¶9} On June 12, 2019, Northwood filed a notice of appeal. (Doc. No. 51). Northwood raises three assignments of error for our review, which we will address together.

**Assignment of Error No. I**

**The trial court erred in dismissing the complaint of the Appellant on the basis of lack of jurisdiction of the trial court.**

**Assignment of Error No. II**

**The trial court erred in dismissing the complaint of the Appellant on the basis that the complaint failed to state a claim.**

**Assignment of Error No. III**

**The trial court erred in dismissing the Appellant's complaint without conducting an evidentiary hearing.**

{¶10} In its first and second assignments of error, Northwood argues that the trial court erred by granting the Franchinis' motion to dismiss. In its third assignment of error, Northwood argues that the trial court should have treated the Franchinis' motion to dismiss as a motion for summary judgment and that because their motion should have been treated as motion for summary judgment, the trial court erred by granting the motion without holding an evidentiary hearing.

{¶11} "The issue of subject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.'" *Columbus Green Bldg. Forum v. State*, 10th Dist. Franklin No. 12AP-66, 2012-Ohio-4244, ¶ 14, quoting *Vedder v. Warrensville Hts.*, 8th Dist. Cuyahoga No.

81005, 2002-Ohio-5567, ¶ 14. "The lack of subject matter jurisdiction is a question of law and addresses whether the plaintiff has alleged any cause of action over which the court has authority to decide." *Couch v. Ohio Civ. Serv. Emps. Assn.*, 3d Dist. Allen No. 1-10-45, 2010-Ohio-6258, ¶ 10, citing *McHenry v. Indus. Comm. of Ohio*, 68 Ohio App.3d 56, 62 (4th Dist.1990). Accordingly, we review a trial court's dismissal for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) de novo. *Id.*, citing *Antram v. Upper Scioto Valley Local School Dist. Bd. of Edn.*, 3d Dist. Hardin No. 6-08-04, 2008-Ohio-5824, ¶ 6.

{¶12} On the other hand, "[a] [Civ.R. 12(B)(6)] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). "A motion to dismiss for failure to state a claim upon which relief can be granted can be granted only when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief." *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, ¶ 3 (8th Dist.), citing *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. "We review de novo a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Bd. of Health of Defiance Cty. v. McCalla*, 3d Dist. Defiance No. 4-12-

07, 2012-Ohio-4107, ¶ 33, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. "Under de novo analysis, we are required to 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party.'" *McBroom v. Safford*, 10th Dist. Franklin No. 11AP-885, 2012-Ohio-1919, ¶ 9, quoting *Grey* at ¶ 3, citing *Byrd v. Faber*, 57 Ohio St.3d 56 (1991).

{**¶13**} After reviewing the record, we conclude that the trial court did not err by granting the Franchinis' motion to dismiss. First, with respect to the jurisdiction of the trial court, there is legitimate concern that the relief requested by Northwood exceeds the trial court's monetary jurisdiction. "R.C. 1901.18 sets forth the subject matter jurisdiction of municipal courts, subject to the monetary jurisdiction set forth in R.C. 1901.17." *Stewart v. Dina's Pizza & Pub, Inc.*, 8th Dist. Cuyahoga No. 106790, 2018-Ohio-3415, ¶ 7, citing *Behrle v. Beam*, 6 Ohio St.3d 41, 43-44 (1983). Under R.C. 1901.17, municipal courts "shall have original jurisdiction only in those cases in which the amount claimed by any party * * * does not exceed fifteen thousand dollars * * *." "When the monetary amount sought exceeds the municipal court's limit on subject matter jurisdiction, that court is without jurisdiction to decide the matter." *Stewart* at ¶ 8, citing *State ex rel. Natl. Emp. Benefit Servs., Inc. v. Court of Common Pleas of Cuyahoga Cty.*, 49 Ohio St.3d 49, 50 (1990). "A municipal court is required to dismiss an action where the relief sought is beyond

the statutory monetary restrictions." *Id.*, citing *Natl. Emp. Benefit Servs.* at 50 and *Williams Creek Homeowners Assn. v. Zweifel*, 10th Dist. Franklin No. 07AP-689, 2008-Ohio-2434, ¶ 102.

{¶14} Here, Northwood's amended complaint requested $4,860 plus "continuing damages" of $140 per quarter year, increasing to $150 per quarter year beginning in 2019, "for so long as [the Franchinis] own the[ir] real property" in the Northwood subdivision. (Doc. No. 17). Thus, Northwood's damages could eventually exceed $15,000. Nevertheless, Northwood contends that its request for "continuing damages" was "struck from the pleadings" when the trial court determined "not to speculate future damages nor assess future quarterly payments." (Appellant's Brief at 5). We disagree. The Franchinis never requested that the claim for "continuing damages" be struck from the pleadings, Northwood never moved to amend its complaint to remove its claim for "continuing damages," and the trial court never explicitly ordered that the claim for "continuing damages" be struck from the pleadings. Instead of discarding the claim for "continuing damages," the trial court declined to speculate future damages or future assessments when it provisionally denied the Franchinis' motion to dismiss in order to give Northwood the opportunity to indicate whether its request for "continuing damages" would deprive the trial court of jurisdiction. Because Northwood never responded to the trial court's request for an explanation of its damages, concerns regarding the

trial court's monetary jurisdiction persist, and these concerns support the trial court's decision to dismiss the amended complaint.

{¶15} Furthermore, even assuming that Northwood's requested relief fell within the trial court's monetary jurisdiction, the trial court did not err by dismissing Northwood's complaint because Northwood failed to state a claim upon which relief can be granted. Throughout its filings in the trial court, Northwood styled its claim as one for "quantum meruit." (*See* Doc. Nos. 1, 45). However, "[r]egardless of how an action is labeled, the substance of the party's arguments and the type of relief requested determine the nature of the action." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 38, citing *State ex rel. Zupancic v. Limbach*, 58 Ohio St.3d 130, 132 (1991) and *Ketcham v. Miller*, 104 Ohio St. 372 (1922), syllabus. *See Natl. City Bank v. Fleming*, 2 Ohio App.3d 50, 53 (8th Dist.1981) ("In order to determine the nature of an action or claim brought in a municipal court, the court must consider the allegations of the pleadings, the issues tendered, and the prayer of the complaint."). Thus, we look to Northwood's pleadings, the substance of its arguments, and its prayer for relief to determine the precise nature of Northwood's claim.

{¶16} After reviewing these items, it is clear that, at its core, Northwood's claim is not one for quantum meruit. Shortly after filing its original complaint, Northwood filed an itemized list of "[m]aintenance fees not remitted [by the

Franchinis] through June 30, 2017." (Doc. No. 3). This list reflects that, beginning in October 2007, Northwood charged the Franchinis with quarterly payments of $100. (*Id.*). Northwood charged the Franchinis $100 per quarter until January 2016, when the "maintenance fees" the Franchinis allegedly owed to Northwood increased to $120 per quarter. (*Id.*). The fees then increased to $130 per quarter beginning in January 2017. (*Id.*). The list documents that, as of June 30, 2017, Northwood held the Franchinis accountable for $4,040 in "maintenance fees." (*Id.*). In its amended complaint, Northwood requested $4,860. (Doc. No. 17). This figure represents the $4,040 allegedly due as of June 30, 2017 plus two unpaid quarterly installments of $130 for the rest of 2017 and four installments of $140 for each quarter of 2018. (*See* Doc. Nos. 3, 17).[1] Furthermore, the amended complaint requested that the trial court order the Franchinis to pay "continuing damages" of $140 per quarter, with such damages to increase to $150 per quarter beginning in 2019, for as long as the Franchinis own their property in the Northwood subdivision. (Doc. No. 17). Despite Northwood's creative labeling, the "continuing damages" it requested are nothing more than the "maintenance fees" it had been attempting to extract from the Franchinis since 2007. Therefore, although Northwood argued for relief under a

---

[1] Northwood's list of unremitted "maintenance fees" notes that the members of Northwood voted in "July 2015 to begin dues increases annually beginning January 2016 through December 2019." (Doc. No. 3). It appears that the quarterly "maintenance fees" payments increase by $10 every year through the end of 2019. (*See id.*). Following this pattern, $140 in "maintenance fees" should have been due for each quarter in 2018.

theory of quantum meruit, Northwood is in substance making a claim for what are essentially unpaid homeowners association "dues" or "assessments."

{¶17} However, it is clear from the complaint and the attachments thereto that Northwood does not have the authority to levy assessments against or collect dues from the Franchinis. R.C. Chapter 5312, the Ohio Planned Community Law, "establishes a uniform framework for the operation and management of 'planned communities.'" *Lubow v. Haaf Farms Homeowner's Assn.*, 5th Dist. Fairfield No. 16-CA-39, 2017-Ohio-2973, ¶ 29. "Any planned community in [Ohio] is subject to [R.C. Chapter 5312]" and "[n]o person shall establish a planned community unless that person files and records a declaration and bylaws for that planned community in the office of the recorder of the county * * * in which the planned community is located." R.C. 5312.02(A). Moreover, under R.C. 5312.10, "[t]he board [of directors of a homeowners association] may not charge assessments for common expenses unless the declaration [governing the planned community] provides for or contemplates the charging of such assessments." R.C. 5312.10(C)(1). In its amended complaint, Northwood does not aver that it is a homeowners association organized under R.C. Chapter 5312, that it operates in accordance with a duly recorded declaration or bylaws, or that it is authorized to collect assessments under a declaration governing the Northwood housing subdivision. (*See* Doc. No. 17).

Thus, Northwood did not plead sufficient facts to establish that its alleged authority to levy assessments against the Franchinis is derived from R.C. Chapter 5312.

{¶18} Furthermore, Northwood did not plead sufficient facts in its amended complaint supporting that its claimed power to levy assessments exists independently of the requirements of R.C. Chapter 5312. As Northwood notes, "[n]othing in [R.C. Chapter 5312] invalidates any provision of a document that governs a planned community if that provision was in the document at the time the document was recorded and the document was recorded prior to the original effective date of [R.C. Chapter 5312]." R.C. 5312.02(C). However, Northwood's amended complaint does not allege the existence of *any* recorded document predating the enactment of R.C. Chapter 5312 that expressly authorizes it to collect quarterly assessments. In addition, the Franchinis' deed to their property in the Northwood subdivision, which Northwood attached to its amended complaint as Exhibit A, does not reference any pre-R.C. Chapter 5312 recorded declaration for a planned community or a restrictive covenant requiring the owner of the land to pay dues to a homeowners association. (Doc. No. 17, Ex. A). *See Lubow* at ¶ 35 ("Chapter 5312 does not supplant an analysis of * * * chain of title. * * * [C]onstructive notice is required to enforce restrictive covenants on real property.").

{¶19} Nonetheless, Northwood argues that the Franchinis' deed incorporates by reference a plat recorded in 1925 that "dedicate[d] and [gave] to the lot owners

-12-

of Northwood, in common, the drives, lanes and roads shown on said plat" and that its claim to "maintenance fees" is derived from this plat. (*See* Doc. No. 17, Ex. A); (*See* Doc. No. 45). Northwood's argument is without merit. The plat does not dedicate the roads to Northwood, or any other organization, to maintain for the benefit of lot owners in the Northwood subdivision. Nor does the plat give the roads to the Northwood lot owners subject to an obligation to pay assessments to Northwood for maintenance of the roads. Simply, the plat confers no authority on Northwood to collect assessments in the manner attempted. Accordingly, we conclude that Northwood failed to plead any facts demonstrating that it has the authority to collect assessments from property owners in the Northwood housing subdivision. As a result, Northwood's claim to the unpaid "maintenance fees" is necessarily defective, and the trial court therefore did not err by granting the Franchinis' motion to dismiss for failure to state a claim upon which relief can be granted.

{¶20} Finally, we consider Northwood's third assignment of error, in which it argues that because the Franchinis' motion to dismiss should have been treated as a motion for summary judgment, the trial court erred by failing to hold an evidentiary hearing prior to granting their motion. "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated

as a motion for summary judgment and disposed of as provided in [Civ.R. 56]."

Civ.R. 12(B). Civ.R. 56 "'does not require an oral hearing on every motion for

summary judgment.'" *Ohio Bank v. Le-Flor Ents., Ltd.*, 3d Dist. Hancock No. 5-

01-20, 2001 WL 1354413, *2 (Nov. 2, 2001), quoting *Smith v. Werner*, 3d Dist.

Auglaize No. 2-84-17, 1986 WL 2982, *2 (Mar. 6, 1986), citing *Gates Mills Invest.

Co. v. Pepper Pike*, 59 Ohio App.2d 155 (8th Dist.1978). However, Celina

Municipal Court Loc.R. 18.24 provides that "[u]pon the filing of a Motion for

Summary Judgment, the Court will issue an order fixing a hearing date," though the

oral hearing may be waived "unless written request for oral arguments is received

not later than seven (7) days prior to the scheduled hearing."

{¶21} We conclude that the trial court did not err by failing to schedule and

conduct a hearing on the Franchinis' motion because the trial court properly treated

their motion as a motion to dismiss, rather than as a motion for summary judgment.

To resolve the Franchinis' motion to dismiss, the trial court was not required to look

beyond Northwood's complaint and the materials Northwood attached to its

complaint. The amount in controversy, which is relevant to the issue of the trial

court's monetary jurisdiction, is apparent from the face of the complaint.

Furthermore, that Northwood insufficiently pleaded its authority to levy

assessments is plain from the averments in its complaint. Finally, because

Northwood attached the Franchinis' deed to its amended complaint, the trial court

-14-

was able to consider the Franchinis' deed and the plat referenced therein without converting the motion to dismiss into a motion for summary judgment. *See Spit Shine A One Detailer, L.L.C. v. Rick Case Hyundai*, 8th Dist. Cuyahoga No. 105553, 2017-Ohio-8888, ¶ 9; *Glazer v. Chase Home Fin., L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 38 ("The trial court may review documents that were incorporated into the complaint, even if not attached to the complaint."); *Natl. City Mtge. Co. v. Wellman*, 174 Ohio App.3d 622, 2008-Ohio-207, ¶ 17 (4th Dist.); *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. Muskingum No. CT2004-0046, 2005-Ohio-3523, ¶ 16, fn. 6. Therefore, because the trial court properly treated the Franchinis' motion as a motion to dismiss, the trial court did not err by failing to schedule or conduct a hearing before granting the motion.

{¶22} Northwood's first, second, and third assignments of error are overruled.

{¶23} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**