[Cite as *Sweitzer v. 56 Auto Sales*, 2023-Ohio-2997.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| CHRISTINA L. SWEITZER, et al., | : | |
| Appellee, | : | CASE NO. CA2022-12-026 |
| | : | O P I N I O N |
| | : | 8/28/2023 |
| - vs - | : | |
| | : | |
| 56 AUTO SALES, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM MADISON COUNTY MUNICIPAL COURT
Case No. CVF 1700475

Mark J. Pitstick, for appellee.

Shannon M. Treynor, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, 56 Auto Sales ("56 Auto"), appeals the decision of the Madison County Municipal Court denying its motion to dismiss or, alternatively, its Civ.R. 60(B) motion for relief from the trial court's judgment ordering it to pay appellee, Christina L. Sweitzer, actual and treble damages above its $15,000 jurisdictional limit. For the reasons outlined below, we affirm the trial court's judgment as modified.

**Facts and Procedural History**

{¶ 2} On November 8, 2016, Sweitzer purchased a truck from 56 Auto for $14,739.62. The truck turned out to be a lemon. Sweitzer then sued 56 Auto and, following a trial, received a judgment awarding her with actual and treble damages of $44,809.52, well above the trial court's $15,000 jurisdictional limit.[1] On September 26, 2022, within a year after the trial court rendered its judgment, 56 Auto filed a motion to dismiss or, in the alternative, a Civ.R. 60(B) motion for relief from judgment. Within that motion, 56 Auto argued that it was improper for the trial court to issue a judgment to Sweitzer above its $15,000 jurisdictional limit, thereby requiring the case be dismissed or, at the very least, entitling it to relief from that judgment. The trial court denied 56 Auto's motion on November 16, 2022. 56 Auto then appealed. Oral argument was thereafter held before this court on July 17, 2023. 56 Auto's appeal now properly before this court for decision, 56 Auto has raised two assignments of error for review. For ease of discussion, we will address 56 Auto's two assignments of error out of order.

**Assignment of Error No. 2:**

{¶ 3} THE LOWER COURT ERRED BY NOT MODIFYING THE JUDGMENT TO CONFORM TO THE JURISDICTIONAL LIMITS OF THE MUNICIPAL COURT VIA DEFENDANT'S 60(B) MOTION.

{¶ 4} In its second assignment of error, 56 Auto argues the trial court erred by denying its Civ.R. 60(B) motion for relief from judgment. This is because, according to 56 Auto, it was improper for the trial court to grant a judgment to Sweitzer awarding her with damages above its jurisdictional limit of $15,000. We agree.

{¶ 5} Municipal courts are created by statute. *Cheap Escape Co., Inc. v. Haddox,*

---

1. Sweitzer was also awarded attorney fees in the amount of $5,517.50. That award is not at issue in this appeal.

*L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, ¶ 7. So too are municipal courts' subject matter jurisdiction. *Id.* Pursuant to R.C. 1901.18(A)(2), a municipal court has original jurisdiction within its territory, subject to the monetary jurisdiction of municipal courts, "[i]n any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction[.]" *See Starks v. Patrick*, 12th Dist. Warren No. CA2004-03-030, 2004-Ohio-5654, ¶ 5. The monetary jurisdiction of municipal courts is set by R.C. 1901.17. *Estate of Rossi v. Click*, 12th Dist. Butler No. CA87-02-020, 1987 Ohio App. LEXIS 8766, *3 (Sept. 21, 1987). Currently, the monetary jurisdiction of municipal courts is $15,000. *See Liberty Retirement Community of Middletown, Inc. v. Hurston*, 12th Dist. Butler No. CA2013-01-006, 2013-Ohio-4979, ¶ 6, citing R.C. 1901.17. There are two exceptions to this jurisdictional limit, however. "[T]his limit does not apply to the housing division or environmental division of a municipal court." R.C. 1901.17. Therefore, for municipal courts to have jurisdiction, with limited exceptions, the amount in controversy must not exceed $15,000. *See Millers v. Kasnett*, 8th Dist. Cuyahoga No. 100448, 2015-Ohio-298, ¶ 11.

{¶ 6} The trial court in this case granted judgment to Sweitzer awarding her damages above its $15,000 jurisdictional limit. There are only three instances in which a municipal court may render a judgment awarding damages in excess of $15,000. Those three instances occur where the excess consists of: (1) interest; (2) damages for the detention of personal property; or (3) costs accrued after the commencement of the action. R.C. 1901.17. None of those three instances occurred here. It was therefore error for the trial court to issue a judgment to Sweitzer awarding her damages in excess of its $15,000 jurisdictional limit. Under these circumstances, we believe it best to affirm the trial court's decision as modified, thereby amending the trial court's judgment to the trial court's $15,000 jurisdictional limit. To hold otherwise would be contrary to judicial efficiency and judicial

economy given the history of this case and the parties involved. This case is now years old, generating extensive attorney fees, all over the sale of a used truck that occurred nearly seven years ago. This case deserves to be put to rest.

{¶ 7} In so holding, we note that "'because the monetary restrictions in R.C. 1901.17 limit the municipal court's subject matter jurisdiction,'" dismissal is required "'when an initial pleading seeks relief beyond this statutory authority.'" *Miami Valley Constr. Group v. Thompson*, 12th Dist. Warren No. CA2021-03-024, 2021-Ohio-4358, ¶ 44, quoting *State ex rel. Natl. Emp. Benefit Servs. v. Court of Common Pleas of Cuyahoga Cty.*, 49 Ohio St.3d 49, 50 (1990). In this case, however, Sweitzer's complaint did not request relief beyond the trial court's $15,000 jurisdictional limit. Rather, as expressly stated within her complaint, Sweitzer requested actual, compensatory, and treble damages in an amount "not to exceed $15,000.00," plus interest and attorney fees. Sweitzer was therefore requesting relief *up to* the trial court's $15,000 jurisdictional limit, rather than *in excess of* that limit.[2] Accordingly, to the extent set forth above, 56 Auto's second assignment of error is sustained and the trial court's judgment awarding Sweitzer damages in the amount of $44,809.52 is modified to the trial court's jurisdictional limit of $15,000.

**Assignment of Error No. 1:**

{¶ 8} THE LOWER COURT ERRED WHEN IT FOUND THE DEFENDANT'S MOTION TO DISMISS PREMATURE.

{¶ 9} In its first assignment of error, 56 Auto argues the trial court erred by denying its motion to dismiss. However, given this court's resolution of 56 Auto's second assignment

---

2. The dissent determines there was no subject matter jurisdiction in the first instance and urges a complete dismissal. However, in her answer brief, Sweitzer herself argues that her complaint "made clear" that she "sought no damages in excess of $15,000," and that whether in law or in equity, her complaint is being "improperly construed" if interpreted by this court as going beyond the trial court's $15,000 jurisdictional limit. Therefore, it is not just the majority, but even Sweitzer herself who concludes that any argument claiming the trial court did not have subject matter jurisdiction to proceed in this case should "fail on the merits."

of error, we find the first assignment of error raised by 56 Auto Sales has now been rendered moot. Pursuant to App.R. 12(A)(1)(c), "[u]nless an assignment of error is made moot by a ruling on another assignment of error," a court of appeals shall "decide each assignment of error and give reasons in writing for its decision." "'[A]n assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court.'" *Martin v. Ohio Univ.*, 4th Dist. Athens No. 22CA14, 2023-Ohio-2511, ¶ 54, quoting *State v. Gideon*, 165 Ohio St.3d 156, 2020-Ohio-6961, ¶ 26. Therefore, in accordance with App.R. 12(A)(1)(c), 56 Auto's first assignment of error is moot and need not be addressed.

### Conclusion

{¶ 10} For the reasons outlined above, the trial court's judgment ordering 56 Auto to pay Sweitzer actual and treble damages above its jurisdictional limit of $15,000 is modified down to that $15,000 jurisdictional threshold. The trial court's judgment in all other respects remains unchanged and is affirmed.

{¶ 11} Judgment affirmed as modified.

PIPER, J., concurs.

M. POWELL, J., dissents.

**M. POWELL, J., dissenting.**

### The Municipal Court's Monetary Jurisdiction

{¶ 12} "In deciding the jurisdiction of municipal courts, monetary jurisdiction is treated as an aspect of subject-matter jurisdiction." *Miami Valley Constr. Group v. Thompson*, 12th Dist. Warren No. CA2021-03-024, 2021-Ohio-4358, ¶ 43, citing *State ex rel. Natl. Emp. Benefit Serv., Inc. v. Cuyahoga Cty. Court of Common Pleas*, 49 Ohio St.3d 49, 50 (1990).

"Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. "If the amount in controversy exceeds the limit set in R.C.1901.17, there is no subject matter jurisdiction and any judgment is void." *Mountain States Adjustment v. Nath*, 6th Dist. Erie No. E-11-013, 2011-Ohio-6810, ¶ 13, citing *Goody v. Scott*, 5th Dist. Richland No. 95CA31, 1995 Ohio App. LEXIS 5984 (Oct. 18, 1995). "[B]ecause the monetary restrictions in R.C. 1901.17 limit the municipal court's subject matter jurisdiction, * * * dismissal is also required when an initial pleading seeks relief beyond this statutory authority." *Thompson* at ¶ 44. In this respect, Civ.R. 12(H)(3) provides, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action." "An appellate court reviews de novo a trial court's determination regarding the existence of subject matter jurisdiction[.]" *Urteaga v. Urteaga*, 12th Dist. Warren No. CA2014-08-109, 2015-Ohio-2465, ¶ 15.

### Discussion Of Pertinent Facts And Procedural Considerations

{¶ 13} On September 26, 2022, 56 Auto moved to dismiss the entire action and effectively vacate the judgment because Sweitzer's complaint sought damages exceeding the trial court's monetary subject-matter jurisdiction. The trial court summarily overruled the motion to dismiss, agreeing with Sweitzer's contention that "[o]nce a final judgment is entered, the correct procedural method to seek relief is via 60(B) Motion, and no dismissal can be granted until relief is obtained. Once relief is granted, a timely Rule 12(B)(1) Motion to Dismiss can be filed."

{¶ 14} Sweitzer's complaint's prayer for relief sought damages not to exceed $15,000 on her first three causes of action, and "three times their actual damages (not to exceed $15,000)" on her Consumer Sales Practices Act ("CSPA") cause of action. On its

face, Sweitzer's complaint sought as much as $30,000 (i.e., up to $15,000 on her first three causes of action and up to $15,000 on her CSPA claim). Additionally, the complaint is unclear as to whether the parenthetical limitation on damages in Sweitzer's CSPA claim was intended to apply to the actual damages or to the trebled amount of actual damages. If the limitation applied only to the actual damages, then Sweitzer was seeking damages of up to $45,000 on her CSPA claim alone. Indeed, the municipal court certainly construed Sweitzer's complaint as seeking more than $15,000 as it awarded judgment in her favor for more than $44,000, exclusive of attorney fees.

{¶ 15} As discussed below, if the trial court had not summarily denied 56 Auto's motion to dismiss on procedural grounds and had considered the motion on its merits, it would have been clear that Sweitzer's complaint sought damages in excess of the trial court's $15,000 jurisdictional limit. Because subject-matter jurisdiction may not be waived and the issue may be raised at any time, the trial court erred by denying 56 Auto's motion to dismiss as procedurally defaulted.

**The Import Of Sweitzer's Complaint**

{¶ 16} Sweitzer's briefing makes clear that her complaint sought damages exceeding the $15,000 jurisdictional limit. Although Sweitzer states that she "sought no damages in excess of $15,000," she is referring only to the actual damages she claimed and not to her claim for treble damages. Indeed, Sweitzer contends that CSPA treble damages do not count against the municipal court's $15,000 monetary limit because otherwise it

> would only allow a claim in the municipal court under the Consumer Sales Practices Act of $5,000. Clearly, it was never the intention of the Legislature not to allow a discretionary award by a Municipal Court judge of an amount in excess of $15.000. ***
>
> Clearly, the Legislature, in granting the municipal court the power to adjudicate under the Uniform Sales Practices Act, granted it the power to award treble damages, meaning that the

court's $15,000.00 jurisdictional monetary limit could be exceeded to whatever amount was necessary up to three times its jurisdictional limit, as is the case at bar.

Sweitzer's complaint admittedly sought actual damages of up to $15,000 and treble damages of up to $45,000.

{¶ 17} Sweitzer advances two arguments in support of her contention that CSPA treble damages do not count against the municipal court's jurisdictional monetary limit. First, Sweitzer claims that CSPA treble damages are "not automatic" but discretionary. Second, Sweitzer asserts that CSPA treble damages are within the municipal court's equitable jurisdiction to provide complete relief to the parties pursuant to R.C. 1901.18(A). Neither of these arguments has merit.

{¶ 18} As an initial matter, Sweitzer does not cite any authority supporting the proposition that money damages which may be awarded in the court's discretion should not be considered in determining whether the municipal court's monetary limit is exceeded, and I have found none. Furthermore, even if one accepts Sweitzer's claim that an award of CSPA treble damages is an exercise of the municipal court's equitable jurisdiction, it would make no difference. Although R.C. 1901.18(A)(3) invests a municipal court with jurisdiction "to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to [a] contract, " the exercise of that jurisdiction remains subject to the municipal court's monetary jurisdiction as plainly set forth at the beginning of R.C. 1901.18(A):

> Except as otherwise provided in this division or section 1901.181 of the Revised Code, *subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code*, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions[.]

(Emphasis added.)

{¶ 19} In support of her argument that an award of treble damages under the CSPA is discretionary and not subject to the municipal court's monetary jurisdiction, Sweitzer cites *White v. Hornbeck*, 9th Dist. Wayne No. 01CA0057, 2002-Ohio-3037. *Hornbeck* did not hold that an award of CSPA treble damages under R.C. 1345.09(B) is discretionary. Rather, the *Hornbeck* court held that an award of attorney fees under R.C. 1345.09(F) was discretionary. Furthermore, *Hornbeck* has nothing to do with the municipal court's monetary jurisdiction. Indeed, *Hornbeck* was an appeal from a common pleas court. *Hornbeck* does not support the proposition that an award of CSPA treble damages is discretionary or that such a discretionary award would not count against a municipal court's monetary limit.

{¶ 20} In any event, an award of treble damages under the CSPA is not discretionary. R.C. 1345.09(B) provides

> Where the [CSPA]violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover * * * three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater[.]

{¶ 21} Pursuant to R.C. 1345.09(B), if a consumer-plaintiff proves a CSPA violation and that the violation occurred either after the act or practice was declared to be deceptive or unconscionable pursuant to rule adopted by the attorney general or by court decision made available for public inspection, then the consumer-plaintiff is entitled to treble damages if such remedy is elected in lieu of recission of the consumer transaction. Sweitzer's complaint is clear that she sought an award of treble damages, not recission of the transaction. An award of treble damages is therefore not discretionary in this case.

{¶ 22} In support of her argument that the award of CSPA treble damages is an exercise of the municipal court's equitable jurisdiction and should not count against the court's monetary jurisdiction, Sweitzer cites *Behrle v. Beam*, 6 Ohio St.3d 41 (1983).  In *Behrle*, the Ohio Supreme Court held that a counterclaim in a forcible entry and detainer action for specific performance of an option to purchase real estate for $170,000 did not deprive the municipal court of subject-matter jurisdiction.  Explaining why a prayer for specific performance did not implicate the municipal court's monetary jurisdiction, the supreme court held

> We conclude it to be a reasonable interpretation of [R.C. 1901.17] that when an action is brought at law upon a contract, and a counterclaim raises equitable issues involving the right to possession under an exercise of an option of purchase within the contract, the municipal court may retain jurisdiction of the matter and hear and determine all legal and equitable issues and remedies necessary for the complete determination of the rights of the parties.  We hold this to be so even though the amount that is involved in the contract is greater than the monetary jurisdiction of the municipal court, as long as no amount greater than the monetary jurisdiction of the court is claimed by the counter-claimant.

*Id.* at 44-45.

{¶ 23} Sweitzer misconstrues *Behrle* to hold that a municipal court's authority to exercise its equitable jurisdiction authorizes a money judgment exceeding $15,000. *Behrle* did not involve an award of damages exceeding the municipal court's monetary jurisdiction but a judgment for specific performance, an equitable remedy.

{¶ 24} Moreover, an award of treble damages in a CSPA case is not an exercise of the municipal court's equitable jurisdiction because money damages is a remedy at law and not an equitable remedy. *See Countrywide v. Huff*, 11th Dist. Trumbull No. 2007-T-0121, 2008-Ohio-4974, ¶ 25 (money damages is a remedy at law); *Dunning v. Varnau*, 12th Dist. Brown Nos. CA2016-09-017 and CA2016-10-018, 2017-Ohio-7207, ¶ 26 (equitable remedy

of injunction not available where money damages are available); *Total Quality Logistics, L.L.C. v. Leonard*, 12th Dist. Clermont No. CA2022-09-048, 2023-Ohio-2271, ¶ 49-50 (equitable remedy of injunction unavailable where money damages may redress the wrong); and *Sorrell v. Micomonaco*, 12th Dist. Warren No. CA2016-07-060, 2017-Ohio-1498, ¶ 27-28, (equitable remedy of specific performance unavailable where money damages adequately compensate plaintiff for breach of contract).

{¶ 25} In a recent opinion, the Eleventh District Court of Appeals acknowledged, in dicta, that CSPA treble damages should be charged against the municipal court's monetary limit. *Nelson v. Powers*, 11th Dist. Geauga No. 2019-G-0214, 2020-Ohio-1076. The court of appeals observed that a municipal court's award of CSPA treble damages surpassing $15,000 exceeds a municipal court's subject-matter jurisdiction: "Initially, the magistrate did not actually award treble damages. $9,250, 'trebled,' would be $27,750 and this would exceed the municipal court's subject-matter jurisdiction of $15,000, the amount awarded in this matter." *Id.* at ¶ 12, fn.1, citing R.C. 1901.17.

## Conclusion

{¶ 26} This court has no jurisdiction to reduce the judgment to $15,000 because the municipal court lacked subject-matter jurisdiction to begin with. In *State ex rel. Natl. Emp. Ben. Serv.*, 49 Ohio St.3d 49, the Ohio Supreme Court considered whether to allow writs of prohibition and mandamus where a municipal court transferred a case pursuant to Civ.R. 13(J) to the common pleas court because a supplemental complaint sought damages in excess of the municipal court's monetary jurisdiction. The supreme court ruled that Civ.R.13(J) provided no authority for the transfer and that such a transfer would conflict with Civ.R. 12(H)(3) which requires dismissal when it appears that there is a lack of subject-matter jurisdiction. In allowing the writs, the supreme court held

[T]he Shaker Heights Municipal Court had no jurisdiction to

transfer the *Adler* case and appellant's counterclaim to the Court of Common Pleas of Cuyahoga County and, correspondingly, that the common pleas court had no basis upon which to assume jurisdiction. Therefore, we reverse the judgment of the court of appeals and issue writs of prohibition, procedendo and mandamus, and we order that the common pleas court be prohibited from hearing and determining the entire *Adler* matter and that it return the entire *Adler* matter to the municipal court; and further, that the municipal court dismiss the complaint, answer and counterclaim in the *Adler* case without prejudice, pursuant to Civ.R. 12(H)(3).

*Id.*, 49 Ohio St.3d at 50-51. *See also State ex rel. State Farm Mut. Ins. Co. v. O'Donnell*, 163 Ohio St.3d 541, 2021-Ohio-1205.

{¶ 27} Just as the common pleas court in *State ex rel. Natl. Emp. Ben. Serv.* had no jurisdiction to do anything but return the case to the municipal court for dismissal, we likewise have no jurisdiction to do anything other than order the case dismissed or remand to the trial court for dismissal.

{¶ 28} For these reasons, with regard and respect for my colleagues in the majority, I dissent.